May Term, 1834.

BROWN
v.
MODISETT.

---

## BROWN v. MODISETT.

The Circuit Court has no jurisdiction in the case of an appeal from the judgment of a justice, unless the transcript be filed in the clerk's office, within twenty days after the appeal-bond is filed.

Monday, June 2.

ERROR to the *Vermillion* Circuit Court. The judgment of the Circuit Court, in this case, was in favour of *Modisett*.

BLACKFORD, J.—*Modisett* sued *Brown* before a justice of the peace, and recovered a judgment for a certain sum of money. The judgment was rendered *on the 22d of October*, 1831. *Modisett*, not being satisfied with the amount of the judgment, went to the justice *on the 2d of November*, 1831, prayed an appeal, and filed an appeal-bond with sureties to the satisfaction of the justice. *On the 5th of December*, 1831, the justice delivered the transcript and papers to the clerk of the Circuit Court.

At the next term of the Court, which was in *March*, 1832, the appeal, on motion of *Brown*, was dismissed, because the papers had not been filed in the clerk's office, within twenty days after the filing of the appeal-bond. On the next day after the appeal was dismissed, the cause, on motion of *Modisett*, was re-instated on the docket. The grounds on which the cause was re-instated, and which were supported by the affidavit of *Modisett*, were, that he had merits, and that the circumstance of the papers not having been filed in time, was owing to the improper conduct of the justice in not filing them.

*Brown*, the plaintiff in error, contends that the Circuit Court had no right to re-instate this case. He relies for this, on the 72d section of the act respecting justices of the peace. Rev. Code, 1831, p. 317. That section requires the justice, when an appeal is taken, to cause the transcript and papers to be filed with the clerk of the Circuit Court, within twenty days after the appeal-bond is filed. The transcript, in the case before us, was not filed within the twenty days, and still the Court permitted the cause to be docketed. In the act organizing the Supreme Court, the party has sixty days from the time of taking the appeal, to file the transcript in the Supreme Court; and there is a provision in the act, authorising the Court, on good cause being shown, to receive the papers afterwards. Rev. Code, 1831, p. 149. But there is no such provision, in the act respecting justices of the peace, authorising the Circuit Court to receive the justice's transcript after the limited time. It must be filed within twenty days after the appeal is taken, or the Circuit Court has no jurisdiction.

*Modisett*, the defendant in error, to support the decision of the Circuit Court, in admitting this case on the docket, relies upon the 74th section of the act to which we have already referred. It is enacted by that section, that if the party has been prevented from taking an appeal within thirty days from the date of the judgment, by the improper conduct of the justice, the Court may give further time for taking the appeal. This provision is confined to cases where the party has been prevented, by the misconduct of the justice, from taking an appeal within the limited period. But that is not the complaint in the case under consideration. *Modisett* was not prevented from praying an appeal and filing his bond within the thirty days from the rendition of the judgment. He does not pretend that

he was. On the contrary, the record shows that he took his <span>May Term, 1834.</span> appeal within the thirty days. There is no question about that. The 74th section of the statute referred to, has, there- fore, no application to the case before us. The difficulty here is, that the justice failed to file his transcript within the pre- scribed time; and the statute gives no authority to the Court to permit the transcript to be afterwards filed. There is perhaps a defect in the law; but that can be remedied only by the legis- lature, not by the Court. See *Barnes* v. *Modisett*, *May* term, 1833 (1).

The Circuit Court did right, in the first instance, in dismis- sing the appeal; but it committed an error afterwards, in per- mitting the cause to be again docketed.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded, &c.

*J. Whitcomb*, for the plaintiff.

*J. Farrington*, for the defendant.

