JOHN H. CAMPBELL, appellant, v. RHODA QUINLIN, appellee.

*Appeal from Madison.*

When a State enacts a statute of another State, it is presumed to adopt the construction which that statute has received, by a uniform series of judicial expositions, in the courts of the State from which it is taken.

Where an appeal bond is taken by a justice of the peace, the statute requires the justice to file the bond and papers in the office of the clerk of the Circuit Court, within twenty days from the taking of the appeal. A failure, on the part of the justice, to file them within that time, defeats the appeal, which will be dismissed on motion.

THE proceedings in this cause were had in the Court below, at the April term, 1841, before the Hon. Sidney Breese.

DOUGLAS, Justice, delivered the opinion of the Court:
This cause was tried before a *justice of the peace*, on the 30th of September, 1840, and judgment rendered for the plaintiff below, for $39.76, from which judgment the defendant below prosecuted an appeal to the Circuit Court of Madison county. The appeal bond was filed in the justice's office on the 12th of October, and returned with the papers in the cause, to the clerk of the Circuit Court, on the 28th of December, seventy-seven days after the appeal was taken. At the April term, 1841, of the Circuit Court,

the appellee moved to dismiss the appeal, for the reason that the appeal bond and the papers in the cause, were not filed in the office of the clerk of the Circuit Court, within twenty days after taking the appeal, as required by the third section of "*An Act to amend the several laws in relation to Appeals,*" (1) approved February 3d, 1840; which motion was sustained by the Court, and the appeal dismissed. To reverse this decision, an appeal has been prosecuted to this Court.

The errors assigned question the correctness of the decision of the Circuit Court in dismissing the appeal, and impose upon this Court the necessity of settling the construction of the above recited act. This act is a substantial copy of an Indiana statute, which had been in force for many years, and received a definite, certain, and settled construction in the courts of justice of that State, and the reports published to the world prior to the adoption of this statute by our legislature. It is a safe rule, peculiarly applicable to the case before us, that when one State enacts a statute of another State, it is presumed to adopt the construction which that statute has received by a uniform series of judicial expositions. Applying this rule to the case under consideration, we will find no difficulty in arriving at a correct conclusion. In the case of Brown *v.* Modisett, (2) the Court says " that Brown, the plaintiff in error, relies " on the seventy-second section of the act respecting justices of the peace." (Rev. Code 1831, p. 317.) That section requires the justice, when an appeal is taken, to cause the transcript and papers to be filed with the clerk of the Circuit Court, within twenty days after the appeal is filed. The transcript in the case before us, was not filed within twenty days, and still the Court permitted the cause to be docketed. In the act organizing the Supreme Court, the party has sixty days from the time of taking the appeal, to file the transcript in the Supreme Court; and there is a provision in the act, authorizing the Court, on good cause being shown, to receive the papers afterwards. (Rev. Code, 1831, p. 149.) But there is no such provision in the act respecting justices of the peace, authorizing the Circuit Court to receive the justice's transcript after the limited time. It must be filed within twenty days after the appeal is taken, or the Circuit Court has no jurisdiction."

The same construction was given to this statute in the cases of Barnes *v.* Modisett *et als.*, Butler *et al. v.* Skomp, (3) Dougherty *v.* Mason. (4) Testing the case before the Court by these authorities, we cannot doubt that the Circuit Court of Madison county decided correctly in dismissing the appeal, for the reason that the papers were not filed with the clerk of the Circuit Court, within

(1) Acts of 1839-40, 109.
(3) 3 Blackf. 253, 392.

(2) 3 Blackf. 382.
(4) 4 Blackf. 432.

twenty days from the execution of the appeal bond, as required by the statute.

The judgment is affirmed with costs.

*Judgment affirmed.*