## MOORE *v.* READ.

An appeal lies to this Court, from the judgment of the Circuit Court on an appeal from the decision of two justices of the peace, in cases of forcible entry and detainer.

The complaint filed with the justices, in cases of forcible entry and detainer, cannot be objected to for mere matters of form.

If a verdict be so imperfect that judgment cannot be rendered on it, a *venire facias de novo* may be awarded upon the plaintiff's motion, either on payment of costs or not in the discretion of the Court.

APPEAL from the *Switzerland* Circuit Court.

BLACKFORD, J.—*Read* complained against *Moore*, before two justices of the peace, for a forcible entry and detainer.   Verdict and judgment for the plaintiff.   The defendant appealed to the Circuit Court, and the plaintiff again obtained a verdict and judgment.   *Moore* appeals to this Court.

A question has been made as to the jurisdiction of this Court in cases like the present.   The act against forcible entry and detainer authorizes the taking of an appeal to the Circuit Court, in the same manner in which appeals from judgments of justices, under the statute respecting the trial of small causes, are

23

taken, and under the same restrictions (1). This clause seems to have reference to the restrictions contained in the last-mentioned act, to wit, that the appeal must be taken within a limited time, that before it is granted security must be given, &c.; but it does not, in our opinion, subject these cases to that part of the statute organizing the Supreme Court, which prohibits us from reviewing the decisions of the Circuit Court, in cases of appeal from any justice of the peace (2). It is said, that the record and proceedings of the justices do not show a good cause of action; and that the Circuit Court, therefore, should have dismissed the suit. The original complaint, filed with the record in the Circuit Court, states the particulars of the offence; alleges that it was committed in the township of *Jefferson* and county of *Switzerland*, on the land of *Read*; and describes the land with sufficient certainty. This complaint is unskilfully drawn, but is considered well enough for the loose practice of Justices' Courts. The verdict of the jury in the Circuit Court was for the plaintiff, but without that particularity which is required by the statute in these cases (3). For this irregularity in the form of the verdict, the Court set it aside, which was, at most, all the defendant could ask. The awarding of a *venire facias de novo*, upon the plaintiff's application, was a matter of course; and whether with or without costs, was entirely at the Court's discretion. The plaintiff was permitted to file what the parties called a new complaint; and that is assigned for error. This statement describes the premises, and the interest of the plaintiff, more particularly than the original complaint; but it is obvious, that the premises and the offence are the same in both. The question for the consideration of the jury was not changed, but continued the same that it was before. We see no impropriety, therefore, in this part of the proceedings. It is contended, that the last verdict was too uncertain to warrant the judgment. This verdict pursues the form in the statute. The jury, in finding that the lands bounded, &c., (copying the very words of the complaint,) must have reference to the same lands that are described in the complaint. As the object of this proceeding is merely for possession, and a judgment is no bar to another action, we think that the description in the complaint and verdict, of the premises and of the offence, is well enough. The plaintiff takes possession, under the writ of restitution, at his peril. In the cases cited by the appellant, the ob-

jections are to indictments, in which much greater strictness is required than in proceedings, like the present, of a civil nature.

Holman, J., dissented, so far as respects the jurisdiction of the Court.

*Per Curiam.*—The judgment is affirmed, with costs.

*Lane,* for the appellant.

*Caswell,* for the appellee.

*May Term,* **1822.**

(1) Stat. 1817, p. 204;—1823, p. 215.

(2) Stat. 1817, p. 8;—1823, p. 131.

(3) The statute requires, that, in these cases before the justices, the verdict shall be signed by all the jurors; Stat. 1817, p. 203;—1823, p. 214. And the same form must be pursued in the Circuit Court, on appeal. *Test* v. *Devers, Nov.* term, 1827, post.