<span style="float:right">May Term, 1827.</span>

<span style="float:right">CAPP v. GILMAN.</span>

*Rariden,* for the plaintiff.

*Smith,* for the defendants.

---

## CAPP v. GILMAN.

In an action on a judgment, profert of the record is unnecessary: the *prout patet per recordum* is sufficient even on special demurrer.

Oyer of a record is never granted.

If the plaintiff name himself as administrator, in a suit on a judgment recovered in his own name on promises made to himself, no profert of the letters of administration is necessary: the word administrator may be considered as surplusage, or as a descriptio personæ.

The declaration, in such case, may be in the debet and detinet.

If the county and circuit, in which an action on the judgment of a Court in another state is brought, be named in the margin of the declaration, no objection can be made for want of a venue.

ERROR to the *Franklin* Circuit Court.—This was an action of debt. The declaration, so far as respects the points noticed by the Court, is as follows: *Franklin* Circuit, *Franklin* county,

<span style="float:right">Wednesday, May 9.</span>

viz. *Benjamin I. Gilman*, administrator of *Joseph Gilman*, deceased, complains of *Jacob G. Capp*, &c. of a plea that he render unto him the sum of 686 dollars, which to him he owes and from him unjustly detains. For that whereas the said plaintiff heretofore, to wit, at the term of *August*, 1824, in the Court of Common Pleas of *Hamilton* county and state of *Ohio*, by the judgment of said Court, recovered against the said *Jacob G. Capp* the sum of, &c. which was adjudged to the said plaintiff, in the said Court, for his damages which he had sustained, as well by reason of the not performing certain promises and undertakings to the said plaintiff by the said defendant then lately made, as for his costs, &c. whereof the said *Jacob G. Capp* is convicted, as by the record and proceedings thereof now remaining in the said Court of Common Pleas of *Hamilton* county, state of *Ohio*, more fully appears, &c.; which said judgment still remains in full force, &c. Whereby an action, &c. Yet, &c. To the damage, &c. To this declaration the defendant specially demurred. The causes of demurrer are; 1st, there is no profert of the record on which the action is founded; 2dly, there is no profert of the letters of administration; 3dly, the cause of action is not within the jurisdiction of the Court; 4thly, the suit is in the debet and detinet.

Judgment on the demurrer for the plaintiff as administrator as aforesaid.

HOLMAN, J.—The action was brought by *Gilman* in the *Franklin* Circuit Court, on a judgment obtained in the Court of Common Pleas of *Hamilton* county, state of *Ohio*. The declaration states the recovery of the judgment, *as by the record thereof, now remaining in the said Court of Common Pleas, more fully appears.* This is sufficient even on special demurrer. Oyer of a record is never granted. *Rex* v. *Amery*, 1 T. R. 149 (1). The second and fourth causes of demurrer are removed by a slight view of the whole declaration. The plaintiff names himself as administrator unnecessarily. He sues on a judgment recovered in his own name, on promises made to himself. The word *administrator* may therefore be considered as surplusage, or as a *descriptio personæ*. The same answer may be given to the objection, that the judgment is rendered for the plaintiff as administrator (2).

The only point on which we have hesitated, is the third

cause of demurrer; the want of a venue. The necessity of a venue is to give jurisdiction, and to show from whence the jury are to come. Here the declaration contains "*Franklin county and circuit*," as a marginal venue, and proceeds to show that the defendant was indebted to the plaintiff, by virtue of a judgment of a Court of record, in the state of *Ohio.* By virtue of this judgment, the defendant became indebted to the plaintiff, and might be sued in any place where he could be found. *Franklin* Circuit Court therefore had jurisdiction of the case; as it must be intended that, if he was found in the *Franklin* Circuit, he was there indebted to the plaintiff. This is rendered as certain as if the marginal venue was repeated, or a reference made to it, in the body of the declaration. . The Court in which the judgment was obtained is properly set out, and to have added under a videlicet that it was obtained in the *Franklin* Circuit, was unnecessary, as the record is not tried by a jury but by the Court. We are therefore of opinion that the venue in the margin is at any rate sufficient. See 1 Chitt. on Pl. 269, 281 (3).

*Per Curiam.*—The judgment is affirmed, with 5 *per cent.* damages and costs.

*Caswell*, for the plaintiff.

(1) Vide *Harlow* v. *Becktle*, Vol. 1. of these Rep. 237.

(2) Vide *Savage* v. *Meriam*, Vol. 1. of these Rep. 176, and note.—*Helm* v. *Van Vleet*, Ibid. 342.

(3) The county in the margin of the declaration held a sufficient venue, on special demurrer. *Duncan* v. *Passenger*, 8 Bing. 355.