## BARNES *v.* MODISETT and Others.

A note payable to *A.*, administrator of *B.*, is due to *A.* in his own right; and he may sue on it without naming himself administrator.

If, in such case, the suit be in the name of *A.*, administrator of *B.*, the words, "administrator of *B.*" may be considered as surplusage.

An appeal from the judgment of a justice to the Circuit Court will be dismissed, if the transcript be not filed with the clerk, within twenty days after the filing of the appeal-bond.

ERROR to the *Vigo* Circuit Court.

STEVENS, J.—The facts in this case necessary to be noticed, are these:—On the 18th of *June*, 1830, *Charles B. Modisett*, *Enoch Dole*, and *James Wolfe*, made their promissory note in writing, payable to *James Barnes*, by the name and description of *James Barnes*, administrator of *L. Franklin*, deceased, by which they promised to pay to said *Barnes*, twelve months after the date thereof, the sum of 54 dollars and 25 cents. After the note became due and payable, *Barnes* brought suit on it against the makers, before a justice of the peace, and on the 1st day of *November*, 1831, recovered a judgment thereon against them for the amount of the note, interest, and costs: from which judgment the defendants appealed to the Circuit Court, and on the 29th day of *November*, 1831, filed their appeal-bond with the justice of the peace. Afterwards, on the 15th day of *February*, 1832, the transcript of the judgment and proceedings had in the case before the justice of the peace, together with the note and papers of the case, were filed in the clerk's office of the Circuit Court.

Afterwards, at the first term of the Circuit Court after the filing of the transcript and papers, on the calling of the cause on the docket, *Barnes*, the plaintiff, moved to dismiss the appeal,

*Monday,*
*June 3.*

May Term, 1833.

BARNES
v.
MODISETT.

because the transcript and papers had not been filed within twenty days after the appeal-bond was filed before the justice of the peace, as is required by the statute; which motion the Court overruled. The defendants then moved the Court to dismiss the action of the plaintiff, for want of jurisdiction in the justice's Court to hear and determine the same, because the plaintiff was an administrator; which motion the Court sustained and dismissed the action, and rendered judgment in favour of the defendants for costs, &c.

The first question in this case is, whether the Circuit Court committed an error in dismissing the plaintiff's action?

We think it did. This debt is due to the plaintiff in his personal capacity, and not *in auter droit*, and he might have sued in his own right, without describing himself administrator, &c., and his having named himself administrator, &c., in the note and in the action, was surplusage, and should be rejected as such. 1 Blackf. Rep. 177, note.—*Talmage, adm'r.* v. *Chapel,* 16 Mass. 71.—*Biddle, adm'r.* v. *Wilkins,* 1 Peters, 686. The motion to dismiss the action should have been overruled (1).

The next question is, whether the Circuit Court should have dismissed the appeal as moved for by the plaintiff?

We think the appeal must be dismissed. The 72d section of the act defining the powers and duties of justices of the peace, Rev. Code of 1831, requires that the transcript of the judgment and record of the justice of the peace, together with the cause of action, appeal-bond, and papers of the case, shall be filed in the Circuit Court, within twenty days after the appeal-bond is filed before the justice of the peace. In this case, more than twenty days had elapsed before the transcript and papers were filed in the Circuit Court (2).

*Per Curiam.*—The judgment is reversed with costs. Cause remanded, &c.

*J. Whitcomb,* for the plaintiff.

*J. Farrington,* for the defendants.

(1) Suits may now be brought in a justice's Court, by executors or administrators, for causes of action arising in the time of their testators or intestates. See note to *Simonds* v. *Colvert,* Vol. 2, of these Rep. 413.

(2) *Brown* v. *Modisett, May* term, 1834, post, accord.