May Term,
1857.

SHEPHERD
v.
EVANS.

*Per Curiam.*—The judgment is affirmed with costs.

*G. Holland,* for the appellant.

*D. D. Jones* and *H. Berry,* for the appellees.

---

## FRENCH *v.* BLANCHARD.

*Friday,
June 5.*

---

9b 260
150    71
 9    260
Case 2
e168   649
168    653

## SHEPHERD and Others *v.* EVANS.

Suit by the payee on a promissory note as follows : One year after date we promise to pay *James L. Evans,* guardian of the estate of *George Rector,* minor heir of *Samuel Rector* deceased, one thousand dollars, &c.   It was contended that *Rector* was the real party in interest, and that *Evans* could not sue.

*Held,* 1. That it appears by the face of the note that the payee was the real party in interest.

2. That the words "guardian of the estate of *George Rector*," &c., may be regarded as surplusage, or as *descriptio personæ*.

Section 4, 2 R. S. p. 27, provides that an executor, administrator, or guardian, of a lunatic, may sue, &c.; and though the guardian of a minor is not named, that class of suitors is within the meaning of the statute.

The duty of a guardian to collect all debts due to his ward, implies the right to sue to enforce such collection.

APPEAL from the *Hamilton* Circuit Court.

STUART, J.—*Evans* sued *Shepherd*, *Flanders*, and *Little*, on their promissory note in these words, viz.:

" One year after date, we promise to pay *James L. Evans*, guardian of the estate of *George Rector*, minor heir of *Samuel Rector* deceased, one thousand dollars, with interest, and without regard to valuation or appraisement laws. *April* 1, 1854;" signed, &c.

The record states that the parties appeared, and the defendants filed their joint answer; but no answer is set out.

Trial by the Court, and judgment for the note and interest. Motion for a new trial overruled.

A bill of exceptions sets out the note as the only evidence in the cause. The point made is, that the note is not sufficient evidence to sustain the judgment below. This was the ground assumed in the motion for a new trial, and assigned for error here. In support of this position, it is argued that, from the face of the note, the plaintiff, *Evans*, had not the legal interest in it; but that it belonged to *George Rector*, his ward; and that, therefore, under the new practice, the suit could not be maintained in the name of *Evans*.

It does not appear from the face of the note that young *Rector* was in any way interested in the avails of it. The note and its consideration might have been *Evans's* private property; and his description as guardian of *Rector* put in merely to distinguish him from another person of the same name. The words "guardian of the estate of *George Rector*," &c., may be regarded as surplusage, or as *descriptio personæ*. *Capp* v. *Gilman*, 2 Blackf. 46.—*Barnes* v. *Modisett, et al.*, 3 *id.* 253. The same point has been repeatedly decided in this Court since.

Hence, there is nothing in this record to show but that

*Margin:* May Term, 1857.

SHEPHERD
v.
EVANS.

Friday,
June 5.

May Term, 1857.

MACCOUN
v.
THE INDIANA
&c., RAILWAY
Co.

the suit is prosecuted in the name of the real party in interest as required by the statute. 2 R. S. p. 27, s. 3. The very next section (s. 4) provides, that an executor, administrator, or guardian of a lunatic may sue, &c. And though the guardian of a minor is not named, that class of suitors is clearly within the meaning of the act. So that, if it appeared that *Evans* was the guardian of *Rector*, that would be no valid objection, within the spirit and meaning of the foregoing statute.

Besides, one of the duties imposed by the act touching the relation of guardian and ward, is to "collect all debts due to such ward." This, of course, implies the right to sue to enforce such collection. 2 R. S. p. 324, s. 9.

We have been thus particular with a very plain question, because the exception to the opinion of the Court was properly taken under the practice as explained in *Zehnor* v. *Beard*, at the last term (1), and the question fairly presented here.

*Per Curiam.*—The judgment is affirmed, with 3 per cent. damages and costs.

*D. Moss*, for the appellants.

*G. H. Voss*, for the appellee.

(1) 8 Ind. R. 96. See, also, *Jolly et al.* v. *The Terre Haute Bridge Co., post,* and cases cited.