## DAY *v.* HEROD.

33 197|
136 451|

83 197
148 568

33 197
163 487! .

COUNTY COMMISSIONERS.—*Appeal.*—A board of county commissioners dismissed a proceeding to contest the election of a county commissioner; whereupon the contestor prayed an appeal to the circuit court, and filed an appeal bond within proper time, which was approved by the county auditor, who failed to file the transcript and papers in the office of the clerk of said court within twenty days after the filing of said bond, and until the expiration of two months.

*Held,* that this delay of the auditor was not good cause for the dismissal of the appeal by the circuit court. *Barnes* v. *Modisett,* 3 Blackf. 253; *Brown* v. *Modisett, id.* 381; and *Butler* v. *Skomp, id.* 392, overruled.

APPEAL from the Putnam Circuit Court.

FRAZER, J.—This was a contest of the election of a county commissioner. The board of commissioners dismissed the cause on the 10th of November, 1868; whereupon the contestor, who is appellant here, prayed an appeal to the circuit court, and filed an appeal bond at once, which was approved by the auditor. The auditor did not file the transcript and papers in the office of the clerk of the circuit court until the 9th day of January, 1869. The circuit court dismissed the appeal.

The statute requires, that "within twenty days after the filing of such appeal bond, the auditor shall make out a complete transcript of the proceedings of said board, relating to the proceeding appealed from, and shall deliver the same, and all the papers and documents filed in such proceeding, and the appeal bond, to the clerk of the court to which the appeal is taken." 1 G. & H. 253, sec. 33. The right of appeal is given upon filing an approved bond. *Id.* sec. 31, 32; *id.* 319, sec. 20. Is this right lost to the party by the misconduct or negligence of an officer over whom the party has no control, in not doing his duty within the time required by law?

We have recognized the general rule to be, as held in *The People* v. *Allen,* 6 Wend. 486, that where a statute requires an official act touching the rights of others to be

performed within a specified time, it will be deemed directory unless the nature of the act to be performed or the language of the statute shows that it was intended that the act should not be performed after the time limited. *Nave* v. *King*, 27 Ind. 356. In this instance, the statute has no negative words—nothing to indicate an intention that the auditor having failed, within the time, to do the duty imposed upon him, should not perform it afterwards; nor, indeed, is the act itself of such a nature that it should not be done after the time fixed. Indeed, it is scarcely susceptible of belief that the legislature intended that the right of appeal should be cut off by the negligence of the auditor to do his duty in apt time. It is pre-eminently the policy of our legislation to allow the largest liberty of litigation, to the very verge of vexation—nay, possibly even beyond it. Controversies involving the merest trifles may be carried by appeal from the lowest to the highest of our courts; nor are these tribunals permitted, ordinarily, to postpone them even for the purpose of giving attention to causes of real importance. It may be said that the wisdom of this policy is open to serious question; but it must be remembered that such a suggestion, however weighty when addressed to the legislature, should have little influence in the courts, whose function does not extend to altering or disregarding unwise laws, but is confined to administering, in the sense intended, such enactments as they find upon the statute books. This general policy of our legislation affords some aid in ascertaining what was intended to be accomplished by the statute immediately under consideration.

We are aware that a question precisely like the one before us was at an early day decided the other way by this court. *Barnes* v. *Modisett*, 3 Blackf. 253; *Brown* v. *Modisett*, *id.* 381; *Butler* v. *Skomp*, *id.* 392. These cases arose under a statute like the one under consideration, requiring justices of the peace in case of appeal from their judgments to file a transcript, &c., in the circuit court within a certain time, and it was held, we think without very full examina-

tion, that a failure of "the justice to do this duty within the time prescribed cut off the appeal." Very soon after the publication of the volume containing these cases, the legislature interfered by an express enactment preventing such a result, and we believe that there has since been no opportunity for the further consideration of the exact question in this court, until now. Illinois borrowed from us the statute upon which these cases were decided, and the same question arising, the Supreme Court of that State at first followed these Indiana cases. *Campbell* v. *Quinlin*, 3 Scam. 288. But upon fuller argument, that court afterwards overruled *Campbell* v. *Quinlin*, as being obviously wrong, and held that the failure of the justice in the performance of a ministerial duty did not defeat the appeal. *Little* v. *Smith*, 4 Scam. 400.

The principle applicable to the subject was stated by Lord MANSFIELD, in *Rex* v. *Loxdale*, 1 Burr. 445; and the distinction between cases where time *is* and is *not* of the essence of the thing required to be done by a statute is well shown in the *Thames Manuf. Co.* v. *Lathrop*, 7 Conn. 550. See, also, *Colt* v. *Eves*, 12 Conn. 243.

Reversed, with costs; cause remanded, with directions to reinstate the cause and proceed.

*J. Hanna* and *F. Knefler*, for appellant.

*J. A. Matson, C. C. Matson, D. E. Williamson,* and *A. Daggy,* for appellee.