No. 7685.

THE BOARD OF COMM'RS OF JAY COUNTY v. BREWINGTON.

PRACTICE. —*Complaint.*—*Descriptio Personæ.*—*Medical Services to Paupers.*—In a complaint for medical services to paupers, rendered at the request of the trustee of a township, the word "as" before the official title, "trustee of Jackson township," is not necessary to show that he acted in his official capacity.

SAME.—*Services of Assistant.*—Services rendered by an assistant may be proved as part of the claim sued on.

EVIDENCE.—*Poor-Books.*—Entries in the poor-books of a township are admissible in evidence, although made up from memoranda made at the time of the transaction.

SAME.— *Testimony of Trustees.*—Parol testimony of township trustees is competent evidence to prove an employment to treat paupers.

SAME.—*Instructions.*—*Preponderance of Evidence.*—An erroneous definition of the preponderance of evidence, followed by proper qualifying words, will not tend to mislead the jury.

SAME.—It is not error to instruct the jury that if they find for the plaintiff they should "ascertain from the evidence of the witnesses the value of the services by him rendered, and allow him the value of the services for which he is entitled to recover, as ascertained by the evidence of the witnesses who have testified as to the value of such services."

PRESUMPTION.— *Value of Services.*—Services rendered upon proper request are presumed to be of some value.

From the Jay Circuit Court.

*J. M. Haynes, J. W. Headington* and *J. J. M. LaFollette,* for appellant.

*T. Bosworth,* for appellee.

FRANKLIN, C.—Appellee brought suit against the board of commissioners for medical and surgical services to paupers in the county, under employments by township trustees.

The defendant filed a demurrer to the complaint; overruled by the court, and excepted to by the defendant.

The defendant then answered:

1st. A general denial.

2d, 3d and 4th special paragraphs of answer filed; but, as no question is raised in this court upon either of them, they need not be stated.

Trial by jury. Verdict and judgment for plaintiff for $130.

Motion and reasons filed by defendant for a new trial; overruled, and excepted to.

Bill of exceptions, embracing evidence, filed, and cause appealed to this court.

Appellant has assigned, in this court, two errors: overruling the demurrer to the complaint, and overruling the motion for a new trial.

The first paragraph in the complaint reads as follows, to wit:

"Comes now William J. Brewington, plaintiff, and complains of the board of commissioners of said county of Jay, and says that said Jay county is indebted to him in the sum of one hundred and thirty-six dollars on an account, an itemized statement of which is filed herewith and made a part of this paragraph, and marked 'Exhibit A,' for medical and surgical services rendered to one David Lanning, a resident pauper of Jackson township in said county; that said services were rendered at the special instance and request of Isaac Jordan, trustee of said Jackson township; that, at the time said services were rendered, there was no physician employed by the board of commissioners of said county, whose duty it was to render medical and surgical service to the paupers of said county; that said claim is just, due, and wholly unpaid. Plaintiff demands judgment for one hundred and fifty dollars, and other proper relief."

The second paragraph is similar, except as to the names of the pauper, township and trustee.

The objection urged to these paragraphs is that the word "as" before the phrase, "trustee of the township," has been omitted by the pleader; that such phrase, as it stands, is only a description of the person, and does not show that the trustee acted, in the employment, in his official capacity; and that the same is fatal. In support of this objection, we are referred to *Capp* v. *Gilman*, 2 Blackf. 45; *White*

v. *Rankin*, 2 Blackf. 78; *Barnes* v. *Modisett*, 3 Blackf. 253; *Shepherd* v. *Evans*, 9 Ind. 260. In the last case referred to, it was held that there was nothing showing any interest of the ward in the note, and the guardian might maintain the action in his individual capacity. We think the complaint in this case sufficiently shows that the services were rendered by appellee, under the employment of the trustees of the townships. And that there was no error in overruling the demurrer to it. *Sheffield School Township* v. *Andress*, 56 Ind. 157; *School Town of Monticello* v. *Kendall*, 72 Ind. 91.

Under the second assignment of errors, we have been referred to the fourth alleged cause for a new trial, which reads as follows:

"For error of the court in permitting the plaintiff, over the objection of the defendant, to testify as follows: 'I employed Dr. Hoyt to assist me, and put the whole fee into one charge.'"

There was nothing wrong in the admission of this testimony. The services to be rendered consisted of two surgical operations, in amputating both of the feet of the patient; the condition of the patient's health required that they should be performed on different days. These operations required skilful assistance, and appellee procured the same, for which he was entitled to pay.

The objections to the introduction in evidence of the poor-books of the townships, on account of the entries therein having been made after the transaction of the matters therein entered, and copied from slips of paper and memorandum books used at the time of the transactions, before the trustees had got regular poor-books, we think were not well taken; they were official acts not under the control of the appellee.

The parol testimony of the trustees, objected to by appellant, we think competent, and properly admitted, to prove

the actual employment of appellee, to treat the paupers, as alleged; notwithstanding the trustees were also required to keep a record of their official proceedings in a book to be provided for that purpose.  1 R. S. 1876, p. 900, sec. 6.

Our attention is also called to the fifth cause alleged for a new trial, and that is in relation to the instructions to the jury.  The following clause in the sixth instruction, given by the court on its motion, is complained of, to wit:

"Where there is evidence on both sides of any issue, that side upon which the evidence is most numerous," etc., may be said to have the preponderance of the evidence, etc.  As an abstract proposition, standing alone, not modified or explained by any subsequent part of the charge, this clause in the instruction would be erroneous, and might mislead the jury.  The weight of testimony does not depend upon the number of witnesses or facts sworn to.  But immediately following, and as a part of the same sentence, without even a comma between them, we have the following words, "most reasonable, best corroborated by other evidence and by circumstances, and most convincing to the mind and judgment of a reasonable man, may be said to have the preponderance," etc.  Taking the whole instruction together, we do not think that it would tend to mislead the jury.

The ninth and tenth instructions are also complained of.  They may be considered together, as they are in all respects alike, except as they are varied to suit the different paragraphs of the complaint.  The ninth instruction reads as follows:  "If you find from the evidence, that the plaintiff rendered the services charged in the first paragraph of the complaint, or any of them, at the request of the township trustee, and that the person who received the services was a pauper of Jackson township, Jay county, Indiana, and that there was no physician provided by the board of commissioners of Jay county, whose duty it was to render said services, you should find for the plaintiff on the first paragraph

of the complaint." The objection urged against these instructions is, that nothing is said about the value of the services. We think this objection is not well taken. The services, when rendered as stated, are presumed to be of some value to the person for whom they were rendered, or inconvenience to the person by whom they were rendered. These instructions were not calculated to mislead the jury in relation to the value of the services.

Objection is also made to the fourteenth instruction, which reads as follows, to wit :

"If you find for the plaintiff, you will ascertain from the evidence of the witnesses, the value of the services by him rendered, and allow him the value of the services for which he is entitled to recover, as ascertained by the evidence of the witnesses who have testified as to the value of such services."

We see no reasonable objection to this instruction.

The objection to the fifteenth instruction raises the same question that has been heretofore decided upon the introduction of the evidence upon the services of the assistant.

In support of our rulings upon these instructions, we refer to the following authorities : *Brooster* v. *The State*, 15 Ind. 190 ; *Pennington* v. *Nave*, 15 Ind. 323 ; *Freeman* v. *Bowman*, 25 Ind. 236 ; *Dunning* v. *Driver*, 25 Ind. 269 ; *Hedge* v. *Sims*, 29 Ind. 574.

We think this case was fairly tried in the court below, and that the verdict of the jury was fully sustained by the evidence, and we see no sufficient reason for reversing the judgment.

PER CURIAM.—It is therefore ordered, upon the foregoing opinion, that the judgment below be, and is hereby, in all things affirmed, at the costs of the appellant.