Filed April 2, 1895.

———————◆———————

No. 1,470.

DUNHAM *v.* SEIBERLING ET AL.

INJUNCTION.—*Action on Bond for Damages by One Not a Party.—When Not Maintainable.*—Where a temporary injunction is granted against a lessor, a lessee, and an employe of a contractor of the lessee, who had undertaken to bore a gas well, the undertaking of the plaintiff and his surety being payable to the defendants alone, the contractor can not maintain an action on the injunction bond for damages sustained by him by reason of the injunction, on its dissolution, for the reason that the injunction was not binding upon him, and he was not a party or a class to whom the bond was payable.

SAME.—*Contractor Exercising Right Acquired Prior to Injunction.—When Injunction Does Not Affect.*—The contractor's right to enter and drill having been acquired prior to the granting of the injunction, he could have exercised such right, of his own accord, during the existence of the injunction, and it could not be said that he was acting for the defendants and in violation of the order of injunction.

SAME.—*Liability on Injunction Bond to Employer for Enjoining Servant.*—Cases may arise, where one's servant or agent is enjoined from prosecuting the business of his employer, in which the employer may maintain an action on the plaintiff's undertaking; but that this is not such a case, see opinion.

From the Grant Circuit Court.

*J. A. Kersey*, for appellant.

*H. Brownlee* and *H. J. Paulus*, for appellees.

LOTZ, J.—It appears from the averments of the appellant's complaint that Robert and Cerelda Lenfesty were the owners of a certain tract of real estate, situate in Grant county; that, as such owners, they had executed a lease and given a license to one Garvey to enter upon the land and drill wells for gas and oil; that Garvey entered into a contract with appellant by which he agreed to pay appellant the sum of $1,300 for drilling a gas well on the land, to be paid only upon the completion of said well; that, in pursuance of said contract, the appellant moved his machinery upon the land and employed a number of skilled persons and engaged in the work of drilling said gas well; that, among the persons so employed was one Patrick Fox; that on the 4th day of May, 1892, the appellant was, through his employes, engaged in the work of drilling the well and had sunk it to the depth of 360 feet, and could and would have completed the same on or before the 20th day of May, 1892; that on the 4th day of May the appellee Seiberling instituted an action in the Grant Circuit Court against the said Lenfestys, and Garvey and Fox, to enjoin them from drilling gas wells on said lands; that Seiberling sought and obtained a temporary order of the court enjoining all the defendants in that action, and all persons acting for them, from drilling gas wells thereon; that Seiberling executed his written undertaking, with the appellee Harris as his surety, conditioned

that they would undertake that the plaintiff in that action would prosecute his suit to effect and pay the defendants all damages and costs on account of such restraining order; that said order was afterwards, on the final hearing of said cause, dissolved; that the appellant and his employes were restrained and prevented from drilling said well for the period of twenty-eight days to the damage of the appellant in the sum of $3,000.

The court sustained a demurrer to this complaint, and on failure to plead over, rendered judgment against the appellant.

The appellant was not a party to the action in which the restraining order was issued, nor was he a party named in the undertaking. The undertaking was payable to the defendants. There are cases which hold that if the bond be payable to the defendants and to a class of persons who ought to have been made defendants, but were not, the persons belonging to the class named may maintain an action on the bond. *Alexander, etc.*, v. *Gish*, 88 Ky. 13.

But no class of persons is named in this undertaking.

It is true that the court has the power to enjoin not only the defendants, but all persons acting for or through them, but the acting, for the defendants to be in violation of the order of the court, must have been instigated or procured subsequently to the granting of the injunction. The appellant was not forbidden to drill. His right to enter and drill was acquired prior to the granting of the injunction. If he acted in pursuance to his right thus acquired, and of his own accord, it could not be said that he was acting for the defendants and in violation of the order.

The appellant was not enjoined and he had a right to proceed until the order of the court forbade him. The order as against the appellant's employe Fox was effect-

ive as to him, but it did not prevent the appellant from proceeding with other agents and servants. Had he pursued this course, Seiberling, in order to have prevented the drilling of the gas well would have been compelled to proceed against the appellant and have given an undertaking to indemnify him. There may be cases where one's servant or agent is enjoined from prosecuting the business of the employer, in which the employer may maintain an action on the undertaking, but no such case is made by the complaint.

The court did not err in sustaining the demurrer.

Judgment affirmed.

