Casto *et al. v.* Evinger *et al.*

---

### CASTO ET AL. *v.* EVINGER ET AL.

[No. 2,114.    Filed March 30, 1897.]

BILLS AND NOTES.—*Material Alteration of Note.*—To change the payee of a note without the consent of the maker is a material alteration and avoids the note.

SAME.—*Words Descriptive of Payee.*—*Immaterial Alteration.*—The insertion of the words "Guardian of P. Malcom" immediately following the name of the payee of a note does not constitute a material change thereof; the words being only a description of the person.

SAME.—*Guardian.*—*Transfer of Note by Delivery.*—*Action by Transferee.*—Where a guardian transfers, by delivery without indorsement, to the heirs of his deceased ward, as a part of the ward's estate, a promissory note payable to him, the heirs of deceased ward may maintain an action against the makers of the note if the original payee is made a party defendant and files a disclaimer.

From the Vigo Superior Court.    *Affirmed.*

*J. E. Piety, J. O. Piety, W. Mack* and *G. M. Crane,* for appellants.

*S. C. Davis, F. Turk, G. W. Kleiser* and *J. H. Kleiser,* for appellees.

COMSTOCK, C. J.—The complaint, in substance, alleges that on January 10, 1879, one John H. Rippetoe,

who was guardian of Peter Malcom, a person of unsound mind, loaned to appellant, Casto, $200.00 of his ward's funds and took therefor a note executed by appellants, Casto and Wiseman; that the note was made payable to John H. Rippetoe as guardian of Peter Malcom; that the said ward died in 1891; that his estate was duly settled, and that thereafter Rippetoe delivered, without written assignment, the note to plaintiffs, who are the only heirs of the said ward, and who sue in this action as such heirs. The note is made an exhibit. Rippetoe was made defendant to answer as to his interest. Casto and Wiseman, in their separate answers, each set out the note, which they allege they did, in fact, sign January 10, 1879, the payee therein being John H. Rippetoe. They allege that, in this contract with Rippetoe, he acted in his individual capacity, and not in his capacity as the guardian of Peter Malcom; that they did not know, nor had they any reason to believe, that the money loaned to Casto was trust money until 1894, a short time before this suit was filed; that the note was written with pen and ink, and that no blank spaces were left thereon; that after the note had been delivered, some one, without their knowledge or consent, materially altered and changed said note by inserting and interlining after the name of the payee in said note, the words "Guardian of P. Malcom," and that the note in its altered condition is the one sued on in this action. Wiseman also pleads surety.

To these answers the plaintiffs demurred. The demurrers were sustained and exceptions taken. Defendants refusing to plead farther, judgment was rendered against Casto and Wiseman for the amount of the note, saving Wiseman's rights as surety.

The only errors assigned are the sustaining of the demurrers to the second paragraph of Casto's separate

Casto *et al. v.* Evinger *et al.*

answer, and the amended second paragraph of Wiseman's separate answer.

The question for decision here is, whether the adding of the words "Guardian of P. Malcom" changed the payee of the note from Rippetoe, individually, to Rippetoe as guardian. In other words, from Rippetoe, to the estate of Peter Malcom.

An alteration made after the execution of an instrument is presumed to be made by the party claiming under it. *Bowman* v. *Mitchell,* 79 Ind. 84; *Cochran* v. *Nebeker,* 48 Ind. 459; *Palmer* v. *Poor,* 121 Ind. 135.

The presumption is, then, that the alteration was made by the plaintiffs. A material alteration of the note by the payee, without the consent of the maker, renders such note void. *McCoy* v. *Lockwood,* 71 Ind. 319; *Coburn* v. *Webb,* 56 Ind. 96; *Palmer* v. *Poor, supra; Cochran* v. *Nebeker, supra.*

But if the alteration is an immaterial one, the payee, or holder, may recover, though such alteration is made by himself. *Kingan & Co.* v. *Silvers,* 13 Ind. App. 80; 1 Am. and Eng. Ency. of Law, p. 501.

To change the payee of the note, without the consent of the maker, is material, and avoids the note. *Grimes* v. *Piersol,* 25 Ind. 246; *Piersol* v. *Grimes,* 30 Ind. 129; *State, ex rel.,* v. *Polke,* 7 Blackf. 27; *Hodge* v. *Farmers' Bank,* 7 Ind. App. 94; 1 Am. and Eng. Enc. Law 506.

Many other decisions might be cited to the same effect.

Counsel for appellants contend that the insertion of the words "Guardian of P. Malcom" after the name of Rippetoe changed the payee from Rippetoe, individually, to the estate of Peter Malcom.

Appellees contend that the words "Guardian of P. Malcom" are *descriptio personae,* and that the note is still payable, by its terms, to Rippetoe individually;

that these words being only descriptive of the person, their insertion is not a material change.

In the case of *Helm* v. *Van Vleet*, 1 Blackf. 342, the cause of action was a written obligation, by which the defendant promised to pay one Van Vleet, administrator, etc. One of the grounds upon which the judgment was complained of was "first, because the plaintiff, in his declaration, styles himself administrator, and sets out a contract made with himself." The court says: "If an administrator change the nature of a debt, originally due to the intestate, by a contract made with himself, he must sue for the new debt in his own name, and not in his representative character. * * * In this case the plaintiff declares on a promise made to himself, and the judgment is in his own name. His styling himself administrator may be considered as only a *descriptio personae,* and does not change the nature or effect of the action, or of the judgment." See, also, *Savage* v. *Meriam*, 1 Blackf. 177.

In *Capp* v. *Gilman*, 2 Blackf. 45, plaintiff sued upon a promise made to himself in favor of himself. In his petition he named himself as administrator. The word "administrator" was surplusage or *descriptio personae.*

*Speelman* v. *Culbertson*, 15 Ind. 441, was a "suit by Culbertson, against the appellants, upon a promissory note made by Speelman and Fox to Lewis Bocock and Francis Helm, administrators of the estate of John Bocock, deceased. The payees transferred the note, by delivery, to the plaintiff. * * * The note was given for money, belonging to the estate of deceased, lent by the payees to the makers thereof. It was given to Bocock and Helm, and the words 'administrators,' etc., may be regarded as merely descriptive of the persons." It was objected that the administra-

tors could not transfer the note. The court held that they could make a valid transfer in their own right.

In *Shepherd* v. *Evans*, 9 Ind. 260, in a suit upon a promissory note payable to James L. Evans, guardian of the estate of George Rector, it was contended that Rector was the real party in interest and that Evans could not sue. The court held that the words, "guardian of the estate of George Rector," may be regarded as surplusage or as *descriptio personae*. Citing *Capp* v. *Gilman, supra,* and *Barnes* v. *Modisett,* 3 Blackf. 253.

In *Barnes* v. *Modisett, supra,* the defendants below made a note in writing, payable to James Barnes, administrator, etc. After the note became due, Barnes brought suit on it as administrator. The court held that the debt was due the plaintiff in his personal capacity, and not *in autre droit,* and he might be sued and he might sue in his own right without describing himself as administrator, etc., and his having named himself as administrator in the note and in the action was surplusage. Citing *Savage* v. *Meriam, supra; Talmage, Admr.,* v. *Chapel,* 16 Mass. 71; *Biddle, Admr.,* v. *Wilkins,* 1 Peters 686.

Numerous cases might be cited from the reported decisions of our Supreme Court in line with those already referred to, to the effect that words annexed to the name of a party to a written instrument are *descriptio personae.*

The case of *Jackson School Tp.* v. *Farlow,* 75 Ind. 118, treats of the subject more fully than the earlier cases. The opinion of the court is given by Elliott, J., and after citing a number of cases, this language is used: "In all of these cases the rule is broadly declared, that words following the names of parties operate only as mere *descriptio personae,* and it is well settled that such words serve only to identify the parties. This is the doctrine applied to contracts with administrators,

trustees, receivers, sheriffs, agents, and assignees, and to licensed apothecaries.    \*    \*    \*    It makes no difference whether the descriptive words are simply appended to the signature at the foot of the contract or annexed to the name in the body of the instrument."

See, also, the authorities therein cited.    To the list of administrators, trustees, receivers, sheriffs, agents, etc., under authority of *Shepherd* v. *Evans, supra,* the court could properly have added "guardians."

The later decisions of *State* v. *Helms,* 136 Ind. 122, and *Hodge* v. *Farmers' Bank, supra,* are not inconsistent with the doctrine announced in the foregoing cases.

In the last named case the court held that a note delivered by a surety, with all blanks filled, including blank for payee, who is named merely as an individual, cannot afterwards be altered, without the surety's consent, by writing "cashier" after the payee, thus making it payable to a bank.    The court in that case conceded the law to be that a mere descriptive appellation did not in any way affect a note, but held that "As to banks, the act of the cashier is the act of the bank, and that a bank may sue upon a note payable to its cashier, as such, just as though it were payable to it by its corporate name.    \*    \*    \*

"That the law thus established as to banks and bank cashiers is an exception to the general rule as laid down in cases cited by appellee and referred to above, may be conceded, but that the exception, created doubtless from a deference to commercial necessities and usages, is thoroughly established and generally recognized, is, we think, unquestionable."

"Any change in the terms of a written contract which varies its original legal effect and operation, whether in respect to the obligation it imports; or to its force as matter of evidence, when made by any

party to the contract, is an alteration thereof, unless all the other parties to the contract gave their express or implied consent to such change. And the effect of such alteration is to nullify and destroy the altered instrument as a legal obligation." Daniel, Neg. Inst., section 1373.

Under these decisions, and the above citation from an approved text writer, how was the legal effect of the note in suit varied by the alteration set out in the answer?

It would have been competent for Rippetoe to have brought suit in his individual capacity. Had he sued as guardian, the word "guardian" would have been treated as descriptive of the person.

Appellants gave their note to the payee as an evidence of the indebtedness of that amount of money, alleged in the complaint to have been a part of the estate of the ward of the payee. These answers admit the execution of the note as set out in the complaint, with the exception of the words, "Guardian of P. Malcom." Unless this is a defense, no defense is made. Appellants' counsel, in their able brief, assert that they are, by this alteration, deprived of any set-off they might have against Rippetoe individually.

The note was not commercial. In the hands of the present holders, under the decisions cited, it was subject to any defense appellants may have had against Rippetoe individually.

In *Robertson, Admr.,* v. *Garshwiler, Gdn.,* 81 Ind. 463, cited by appellants, appellee, a guardian, sued upon a promissory note made by Amos and Emily Birchard, payable to order of appellee at a bank in this State, and endorsed by the appellant, Piel. The makers of the note having both died, appellant, Robertson, was appointed administrator of the estate of the said Emily, and in that capacity was made defendant. Robert-

son pleaded as a set-off an individual obligation of plaintiff, Garshwiler, and to this the Supreme Court held a demurrer was properly sustained.

In our opinion, this decision does not support the position of appellants, the pleadings showing an entire want of mutuality.

Appellants contend that as the note was executed it was the individual property of Rippetoe. Being his property, it did not descend to the heirs of the ward Malcom; that it could descend to the heirs of Malcom only by changing the payee from Rippetoe to the estate of Malcom; and that it follows that the plaintiffs had no title, and therefore no right of action, or that the payee of the note was changed by the addition of words making a material alteration.

The complaint avers that the note was assigned to plaintiffs by delivery. The answer of Rippetoe disclaims any interest therein, and the possession of the plaintiffs, *prima facie* shows title in plaintiffs.

There is no error. Judgment affirmed.