IN THE

# APPELLATE COURT

OF THE

## STATE OF INDIANA,

AT INDIANAPOLIS, NOVEMBER TERM, 1913, IN THE NINETY-
SEVENTH AND NINETY-EIGHTH YEARS OF THE STATE.

---

### CRAWFORD ET AL. *v.* SPINDLER.

[No. 8,094. Filed November 25, 1913.]

1. INJUNCTION.—*Bonds.—Construction.*—An injunction bond exe-
cuted pursuant to §1210 Burns 1908, §1153 R. S. 1881, should be
liberally construed to carry into effect the purpose of the statute,
which is to require "payment of all damages and costs which may
accrue by reason of the injunction or restraining order" to "the
adverse party affected thereby." p. 6.

2. INJUNCTION.— *Bonds.— Construction.— Persons Protected.—* An
injunction bond executed pursuant to §1210 Burns 1908, §1153 R.
S. 1881, is not to be construed in accordance with the strict rules
applicable to obligations governed by the common law, but the
purpose of the statute must be read into the bond in the light
of §1278 Burns 1908, §1221 R. S. 1881, providing for recovery
on a defective bond as if it were perfect, so that an injunction
bond will inure to the benefit of all defendants though by its
terms made payable to one only. p. 7.

3. INJUNCTION.—*Action on Bond.—Real Party in Interest.*—Plain-
tiff, who as county surveyor, had performed services in connection
with a proceeding to clean a drainage ditch, and had been com-
pelled to employ counsel to procure the dissolution of a restrain-
ing order granted on the application of the defendants in a suit
by them to enjoin the cleaning of such ditch, was, in his individual
capacity, a real party in interest and entitled to maintain his
separate action on the injunction bond, although such bond ran
jointly to him as surveyor and another as township trustee, and
notwithstanding he had been made a party to the injunction suit
in his official capacity. pp. 7, 10.

4. INJUNCTION.—*Bonds.*—*Actions.*—Where an injunction bond was entitled in the name of the plaintiff against two defendants, the name of one of whom was followed by "trustee" and the other by "surveyor," and the obligation was to "pay to defendant therein any and all damages and costs which may occur to them or either of them," such surveyor, who as an individual procured a dissolution of the restraining order, could maintain an action on such bond in his individual capacity, since the words "trustee" and "surveyor" as therein used, so far as the bond discloses, are merely *descriptio personae* and are to be treated as surplusage.          p. 9.

5. BONDS.—*Construction.*—*Words Descriptio Personae.*—Although words that are merely *descriptio personae* will be disregarded as surplusage, there are cases relating to public corporations, to banks and to contracts, that are in the nature of exceptions to the rule, where it appears that the words were not used as merely descriptive of the person, and that the obligation or benefit is not personal.          p. 9.

From Superior Court of Allen County; *Carl Yaple,* Judge.

Action by David F. Spindler against Henry C. Crawford and others. From a judgment for plaintiff, the defendants appeal. *Affirmed.*

*Richard K. Erwin,* for appellants.

*T. E. Ellison,* for appellee.

FELT, J.—This is a suit by appellee, David F. Spindler, against Henry C. Crawford as principal and Hugh McFadden, George W. Coverdale and William Daffon, his sureties on an injunction bond. The complaint in substance charges that the plaintiff is the duly elected, qualified and acting surveyor of Allen County, Indiana; that in July, 1909, Charles S. Bash and others, filed with him as such officer a petition asking for the cleaning out and repair of certain ditches in Aboit and other townships, Allen County, Indiana; that in pursuance thereof he examined and surveyed said ditches and made an estimate of the cost of such repairs and apportioned the benefits and costs thereof, and reported the same to David Forsythe, trustee of said Aboit Township; that certain landowners against whose lands

assessments were made appealed to the Allen Circuit Court and thereafter the court heard said appeal and on February 7, 1910, modified some of said assessments, but entered judgment ordering and directing said trustee to clean out and repair said ditches; that thereupon said trustee gave notice that he would let a contract therefor on February 28, 1910; that on February 24, 1910, said Henry Crawford commenced an action in the Huntington Circuit Court against plaintiff as surveyor of Allen County and said Forsythe as trustee of Aboit Township, to enjoin the letting of said contract, and the making of said repairs as ordered by the Allen Circuit Court; that to obtain a temporary restraining order in said suit, said Crawford gave a bond, executed by him and his codefendants, which bond is filed herewith and made a part hereof, in which the obligors promised and agreed to pay all damages and costs which might accrue to plaintiff and to all other persons interested in the matter by reason of the issuing of said restraining order, which bond was approved by the Huntington Circuit Court; that thereupon an order was duly issued and served upon plaintiff and said Forsythe, restraining them from entering on the land of said Crawford, and from letting said contract and from proceeding further in said matter until such time as said court might fix for the hearing of said petition for an injunction and until the further order of the court; that plaintiff was duly served with a copy of the complaint of said Crawford and of said restraining order; that thereafter plaintiff did appear in said court in pursuance of the order made in said suit, and filed a motion to dissolve said restraining order which motion was sustained by the court on April 15, 1910, and thereupon on said day, plaintiff filed a demurrer to the complaint of said Crawford which was sustained; that said Crawford refused to amend his complaint and to further prosecute said action and thereupon the court rendered judgment against him that he take nothing by his suit and that he pay this plaintiff his costs

in said action; that it was necessary to employ counsel to represent plaintiff in said suit and he did employ counsel who represented him in said proceedings, and he also incurred other expense, the details of which are duly alleged; that the value of said services, and the cost to him, so occasioned, amounted to $500, "all of which is due and remains wholly unpaid."

A copy of the bond sued on is as follows:

"State of Indiana, County of Huntington. In the Huntington Circuit Court. ——————— Term, 1910. Henry Crawford, vs. David H. Forsythe, Trustee and David Spindler, Surveyor. We the undersigned hereby undertake that plaintiff in the above entitled cause shall pay to defendant therein any and all damages and costs which may occur to them or either of them any and all damages and costs which may accrue to him by reason of the restraining order of temporary injunction herein granted. In witness whereof we have hereunto set our hands this 24th day of February, 1910. H. C. Crawford, Hugh McFadden, Geo. W. Coverdale, William M. Daffon.

Approved by me this 24th day of February, 1910. Samuel E. Cook, Judge of the Huntington Circuit Court."

A demurrer to the complaint for want of sufficient facts was overruled and an answer of general denial was filed on behalf of all the defendants and also a second paragraph, the substance of which is that the facts of the complaint are admitted, except the averments tending to show a liability to plaintiff personally; "that David Spindler as an individual was not a party to said suit for injunction in said Huntington Circuit Court and was not sued as an individual but * * * the cause of action * * * was commenced and prosecuted against David Spindler in his official capacity as surveyor of Allen County, Indiana, and not otherwise;" that David Spindler had no interest whatever in the subject-matter of the litigation and the injunction was issued against David Spindler as surveyor of Allen County, Indiana, and the bond sued on is payable to "the

surveyor of Allen County, Indiana, and not otherwise.''
To this answer a reply was filed in general denial. The
court at the request of the parties made and filed a special
finding of facts. The facts found are substantially as al-
leged in the complaint, and it is also found that said Spind-
ler as surveyor, examined said ditches and made report
thereon for which he was entitled to pay in the sum of $150;
that plaintiff employed Thomas E. Ellison as his attorney in
said injunction suit and directed him to take such steps as
were necessary to prevent a judgment being taken against
him; that said attorney in pursuance of said employment
rendered services in said suit and employed C. W. Watkins,
an attorney of the Huntington Circuit Court as local coun-
sel; that the reasonable value of the services of said attorney
is $200; ''That said Spindler employed said Thomas E. Elli-
son, not as surveyor of Allen County, but as an individual
to protect his interest and prevent judgment being rendered
against him.''

Judgment was duly rendered in plaintiff's favor for $200
and costs. Appellants' motion for a new trial was overruled
and likewise their motion in arrest of judgment. Appel-
lants have assigned as error the overruling of the demurrer
to the complaint, error in the conclusions of law, in over-
ruling the motion for a new trial and the motion in arrest
of judgment. On these several assignments the briefs pre-
sent two principal questions which are decisive of the whole
case: (1) The bond being payable to two persons can ap-
pellee alone maintain a suit thereon? (2) The bond being
payable to ''David Spindler, Surveyor'', can David Spind-
ler maintain a suit thereon?

Counsel for appellants earnestly insists that the judgment
in this case is erroneous because it appears that the suit
was not brought in the name of the real party in interest,
as required by §251 Burns 1908, §251 R. S. 1881; that
David Spindler, the individual, was not a party to the suit
in which the restraining order was issued, and the same

was issued against him in his official capacity as surveyor of Allen County, Indiana, and the bond sued upon is payable to him as such officer and not to him personally; also that the bond is payable jointly to David F. Spindler, surveyor, and David H. Forsythe, trustee; that the failure to make Forsythe a party plaintiff violates §263 Burns 1908, §262 R. S. 1881; which requires all persons having an interest in the subject of the action to be joined as plaintiffs; that the obligation being payable to two persons jointly, suit cannot be maintained thereon by one of such persons.

The bond in suit is a statutory obligation required by §1210 Burns 1908, §1153 R. S. 1881, and should be liberally construed to carry into effect the purpose of the statute, which is to require ''payment of all damages

1.  and costs which may accrue by reason of the injunction or restraining order'' to ''the adverse party affected thereby.'' *Conner* v. *Paxson* (1822), 1 Blackf. 208; *Sheets* v. *Hays* (1905), 36 Ind. App. 106, 111, 75 N. E. 20, and cases cited. In the case, last cited, certain taxpayers brought suit against the board of commissioners of Vigo County, to enjoin the board from making payment to one Fred L. Jessup for the construction and improvement of a certain gravel road. Jessup was not made a party to the suit and on November 27, 1899, a restraining order was issued against the board of commissioners for the purpose aforesaid and a bond was duly executed payable to said board; that thereafter on his own motion, Jessup was made a party defendant, and on his motion duly made, the restraining order was dissolved and the case was stricken from the docket and judgment rendered against plaintiffs for costs. Jessup brought suit on the injunction bond and recovered. On appeal, this court held that he was properly admitted as a defendant, was a party in interest and entitled to recover on the bond made payable to ''the defendant'' and executed before he was a party to the suit. In *Boden* v. *Dill* (1877), 58 Ind. 273, our Supreme Court held that a bond executed

by the plaintiffs in a suit against several defendants,
2. inures to the benefit of all defendants though by
its terms it was made payable to only one of the
defendants. The court on page 275 said: "The point made in
these demurrers is, that, as the undertaking, in terms, bound
the undertakers to Henry Dill only, he and Edward Dill
could not maintain a joint action upon it. The point would,
doubtless, be well taken, if the undertaking were to be re-
garded as a mere common-law obligation. But the under-
taking is provided for by statute. It is intended as an in-
demnity to all the defendants in the action in which the
injunction is issued, whose rights may be injuriously af-
fected thereby * * *. As the plaintiffs were both the
owners of the mill propelled by the waters of the stream
which they were enjoined from damming, and both injured
by the injunction, the above statute enables them both to
sue upon the undertaking as if it had been in terms made
to them both." The court in the above decision cites the
statute (§1278 Burns 1908, §1221 R. S. 1881) as applicable
to aid a defective bond given to secure the party against
whom a restraining order is issued. The strict rules appli-
cable to obligations governed by the common law, do not
apply to statutory bonds. The purpose of the statute
(§1210, *supra*) requiring such bond, must be read into the
obligation in the light of the liberal provisions of §1278,
*supra*.

From the averments of the complaint as well as the find-
ings of the court, the appellee, as an individual, is shown
to be the real party in interest. The court finds that
3. there was due him $150 for surveying the ditches
and apportioning the assessments to the several land-
owners. While in doing such work, he acted as an official,
the loss of the amount due him, nevertheless, would have
been personal, and would not in any way have affected him
in his official capacity. While the office enabled him to do
such work and present a legal claim therefor, the money

earned was due him personally and neither the office of county surveyor nor the claimant in his official capacity would have been in any way affected either by the collection or the loss of the amount due for said work. The finding shows that he employed counsel and incurred the expense, for which he obtained judgment, as an individual and not in his official capacity. It is quite apparent that he could not bind the county of which he was surveyor, for any expense so incurred and it was therefore from the beginning a question for the plaintiff personally to resist the injunction or suffer a personal loss. The finding further shows that he incurred the expense personally and not jointly with the other payee named in the injunction bond. While we find no decision where the particular points presented by this appeal have been presented and decided, yet considering our statutes and the decisions of this and the Supreme Court on analogous questions, we are forced to the conclusion that appellants are not sustained either in the contention that the bond is only payable jointly to the two obligees and can only be enforced in a suit by them jointly, or that appellee is not the real party in interest. We think this conclusion must be reached independent of the form of the statutory injunction bond, but in this case we are fortified by the wording of the bond itself which makes it payable to either or both the obligees for the damages and costs accruing "to them or either of them  *  *  *  by reason of the restraining order." The complaint and finding show that appellee, as an individual is the real party in interest and we hold that he is not barred from a recovery as such, either by the capacity in which he was made a party to the suit for an injunction or by the form of the bond. We therefore conclude: (1) that, on the facts of this case, appellee is entitled to recover the damages caused him by the wrongful issuance of the restraining order, notwithstanding two payees are named in the obligation; (2) that appellee as an individual may recover the damages due him

as aforesaid, notwithstanding his official character as disclosed by the pleadings and the findings of the court.

While not basing our decision wholly on the proposition, there is an additional reason, on the facts of this case, supporting the second conclusion. It will be observed

4.  that the bond sued on is entitled "Henry Crawford v. David H. Forsythe, Trustee, and David Spindler, Surveyor" and binds the obligors to "pay to defendant therein any and all damages and costs which may occur to them or either of them." So far as the bond discloses, the words following the names of the defendants afford the only evidence of their official relation or character. Under numerous decisions such words are merely *descriptio personae* and do not change or affect the personal relation of such parties to the obligation. *Hobbs* v. *Cowden* (1863), 20 Ind. 310, 313; *Jackson School Tp.* v. *Farlow* (1881), 75 Ind. 118, 123; *McClellan* v. *Robe* (1883), 93 Ind. 298; *Wolke* v. *Kuhne* (1886), 109 Ind. 313, 10 N. E. 116; *Albany Furn. Co.* v. *Merchants Nat. Bank* (1896), 17 Ind. App. 531, 535, 47 N. E. 227, 60 Am. St. 178; *Taylor* v. *Reger* (1897), 18 Ind. App. 466, 470, 48 N. E. 262, 63 Am. St. 352; *Guthiel* v. *Dow* (1911), 177 Ind. 149, 151, 97 N. E. 426. It has been held that an obligation payable to a person styling himself administrator or guardian of a certain estate or person may be enforced by such person in his individual capacity, or by his assignee, and that such words will be treated as descriptive of the person and as surplusage. *Castro* v. *Evinger* (1896), 17 Ind. App. 298, 301, 46 N. E. 648; *Speelman* v. *Culbertson* (1860), 15 Ind. 441; *Shepherd* v. *Evans* (1857), 9 Ind. 260, 261; *Barnes* v. *Modisett* (1833), 3 Blackf. 253. This rule is certainly applicable here where it clearly appears that nothing was expended by or due to the office of county surveyor and that the expense was incurred by and due to appellee in his individual capacity. Cases

5.  which are in the nature of exceptions to the foregoing general rule may be found, but such cases relate to

public corporations, to banks or to contracts which show that the words were not used as merely descriptive of the person, and that the obligation or benefit is not personal. *State, ex rel.* v. *Helms* (1893), 136 Ind. 122, 126, 35 N. E. 893; *Avery* v. *Dougherty* (1885), 102 Ind. 443, 445, 2 N. E. 123, 52 Am. Rep. 680; *Hodge* v. *Farmers Bank, etc.* (1893), 7 Ind. App. 94, 98, 34 N. E. 123.

Most of the cases cited by appellants' learned counsel may be distinguished by the fact that the bonds considered were not statutory and were governed by common-law rules that do not control in this State, in construing such obligations. The case of *Hyatt* v. *City of Washington* (1897), 20 Ind. App. 148, 50 N. E. 402, 67 Am. St. 248, is cited by counsel and relied on to show that appellee cannot maintain this suit in his individual capacity. This was a suit on an injunction bond to recover damages for attorney's fees in a suit resulting in the dissolution of the injunction. The names of the mayor and marshal of the city were placed in the bond as obligees, and it was held that any rights under such bond would not accrue to such officers personally but to the city. The court on page 150 said: "Construing the complaint and the bond, filed as an exhibit, together, it is evident that the city of Washington is the real party in interest. There is, in effect, but one obligee named in the bond. Any right accruing to the persons named in the bond as obligees would not, by the express terms of the bond, accrue to them as individuals, but as officers of the municipality. The two persons named are designated as 'mayor of the city of Washington' and 'marshal of the city of Washington' respectively, and as individuals they have no connection with the matter." The city of Washington was plaintiff in the suit on the injunction bond and the judgment in its favor was affirmed, notwithstanding the bond was made payable as above indicated. The real party in interest recovered judgment and the form of the obligation did not render the judgment erroneous,

though technically the payee was not properly designated in the bond. Such result was inevitable under the rules above announced, and the principle which controlled the decision supports the judgment in the case at bar, for in each instance the real party in interest recovered.

The case of *Dunham* v. *Seiberling* (1894), 12 Ind. App. 210, 39 N. E. 1044, cited by appellant, is not in conflict with our conclusion. The decision simply holds that on the facts of that case a person, who was not a party to the injunction suit, who was not named in the bond and who did not belong to any class of persons referred to in the bond, and who was in no way bound by the restraining order, could not recover on the bond made payable to the defendants. The other questions suggested do not require detailed consideration and are covered by what we have already said. There is no available error shown by the record. Judgment affirmed.

NOTE.—Reported in 103 N. E. 388. See, also, under (1) 5 Cyc. 758, 22 Cyc. 1030; (2) 5 Cyc. 754, 756; 22 Cyc. 1030; (3) 22 Cyc. 1034, 1043; (4) 22 Cyc. 1044; (5) 5 Cyc. 761, 762.