Alexander, &c., v. Gish, &c.

CASE 2—PETITION ORDINARY—DECEMBER 11.

# Alexander, &c., v. Gish, &c.

APPEAL FROM JEFFERSON COURT OF COMMON PLEAS.

1. SUIT ON INJUNCTION BOND—RIGHT OF ONE OR MORE OF SEVERAL PERSONS HAVING COMMON INTEREST TO SUE FOR ALL—A suit to enjoin the collection of a tax to pay certain county bonds having been dismissed, some of the holders of the county bonds had the right to sue upon the injunction bond for the benefit of all.

2. SAME—The plaintiffs have the right to sue on the bond, although they were not, as they ought properly to have been, parties defendant to the original action when the order of injunction was made, as, by the terms of the bond, the undertaking is to pay not merely the persons specially designated as defendants to the action in which it was executed, but to pay "all holders" of the bonds mentioned, the damages they, or either of them, might sustain.

3. SAME—An order transferring the action in which the bond was executed to the United States Circuit Court, must be presumed to have been regularly made, and the jurisdiction of the latter court can not be called in question in this action; therefore, the liability of the sureties is the same as if the injunction had been dissolved by the court in which the action was instituted.

4. SAME—It was not necessary for the court to ascertain and assess damages upon the dissolution of the injunction; that is necessary only where proceedings on a judgment have been enjoined.

5. SAME—Upon a final judgment dissolving an injunction, a right of action upon the injunction bond immediately follows, unless the judgment is superseded.

D. M. RODMAN, M. C. HAY AND E. H. BROWN FOR APPELLANTS.

1. When bond is executed and injunction obtained in a State court and the action transferred to the United States Court, where the injunction is dissolved and the petition dismissed, the obligees in the bond may recover thereon in the State court. (Revised Statutes of U. S., section 646.)

2. In order to entitle the obligees in the bond to recover, it is not necessary that the United States Court should have assessed the damages. (Civil Code, section 295; Crawford v. Woodsworth, 9 Bush, 745; Logsdon v. Willis, 14 Bush, 183; High on Injunctions, section 1657; Bein v. Heath, 12 How., 168; Russell v. Farley, 105 U. S., 446.)

3. The obligees in an injunction bond may be a class, in which case they may sue on the bond, although not individually mentioned

therein. (Newman's Prac. and Pl., 104; Harris' Adm'r v. Tichenor; 3 Mon., 196; Evans v. Hendricks, 1 J. J. M., 436; Steele v. Steele, 4 Mon., 112; 3 Robinson's Prac., p. 6, 7, 8, 352, 354; Lamb v. Vice, 6 M. & W., 467; Kiestied v. State, 1 Gill & S., 231; Sundreland v. Marine Ins. Co., 16 Ad. & El. N. S., 939; Brooks v. Lewis, 13 N. J. E., 214; Huff v. Hutchinson, 14 How., 586; Sioux City & D. W. Ry. Co. v. C., M. & St. P. Ry. Co., 27 Fed. Rep., 770.)

4. An appeal without supersedeas does not suspend a decree. (Slaughter House Cases, 10 Wal.; Hovey v. McDonald, 109 U. S., 160; Leonard v. Ozark Land Co., 115 U. S., 465; Rule 93, Supreme Court, U. S.; Williams v. Pains, 48 Tex., 144; 2 Southwestern Rep., 200; Civil Code of Ky., section 747; Rev. Stat. of U. S. section 1000.)

5. An order dismissing a bill in equity is a final order, and an interlocutory order dissolving an injunction becomes final when the case is dismissed. (Civil Code, section 368; Offutt v. Bradford, 4 Bush, 413; Rodman v. Forline, 2 Met., 372; Watts v. Sanders, 10 B. M., 375.)

6. A final order is conclusive on parties as to points decided until reversed, and a supersedeas does not suspend, but merely prevents its execution. An appeal granted upon condition is ineffectual until the condition is complied with. (Freeman on Judgments, sections 328, 432, 602; Hovey v. McDonald, 109 U. S., 160; Board v. Gorman, 19 Wall, 661.)

7. The remedy for illegally suing out an injunction is upon the bond, and the parties injured may proceed against the sureties therein, and the plaintiffs in the injunction, whether they signed the bond or not. (Hall v. Forman, 83 Ky., 505.)

THOMAS W. BROWN FOR APPELLEES.

1. On the dissolution of an injunction in the Federal Court, the parties in whose favor the dissolution is had, must, in order to recover upon the bond, have an assessment of damages under the direction of the court. (Rev. Stat., U. S., 714; Elmore v. Grymes, 1 Pet., 469; Hipp, &c., v. Bobin, &c., 19 How., 271; Russell v. Farley, 105, U. S., 437.)

2. On the dissolution of an injunction before hearing, or on hearing on the merits, there is no right of action on the bond for the injunction while an appeal is pending from a decree on the merits, on a bill where the only relief sought is an injunction. (Wood v. Laylack, 3 Met., 193; Sprigg & Stepp v. Beson, 12 B. M., 553; Slaughter House Cases, 10 Wall, 273; Hovey v. McDonald, 109 U. S., 160; Leonard v. Ozark Land Co., 115 U. S., 465.)

3. An injunction bond is for the benefit only of such as are denominated defendants to the bill.

CHIEF JUSTICE LEWIS DELIVERED THE OPINION OF THE COURT.

March 18, 1878, an act was passed "to authorize the county of Muhlenburg to compromise and fund its outstanding bonded indebtedness, issue bonds, and levy and collect taxes to pay same."

The indebtedness referred to therein was created by a subscription on behalf of the county of four hundred thousand dollars to the capital stock of the Elizabethtown and Paducah Railroad Company; and, by reason of a failure to promptly and regularly meet the accruing interest on the bonds, the indebtedness had, when the act was passed, become so onerous as to make it necessary to come to some terms of compromise with those holding the bonds, by which new bonds for a reduced amount would be taken in lieu of the old ones.

The funding process had been going on under the act, and up to July, 1885, about three hundred and fifty thousand dollars of the debt was funded for one hundred thousand dollars of new bonds, and taxes were being levied to pay the interest thereon and provide a sinking fund for the ultimate extinguishment of the debt, when an action was instituted by R. H. Brown, and about seven hundred others, against the sheriff, county judge and members of the funding board created by the act, and two persons, holders of the bonds. In that action an injunction was prayed for, and by order of the judge of the Muhlenburg Circuit Court granted, restraining the judge of the county court, and members of the funding board, all named, from making any further levy of taxes for the purpose of paying the principal or

interest of the bonds issued by the directions of said funding board, and also restraining the sheriff from proceeding to collect any taxes that may have been or might be levied for such purpose. During the pendency of the action in the Muhlenburg Circuit Court, James W. Alexander and Charles W. Truesdale, upon their petition, were respectively made parties defendants thereto; and, upon their joint petition thereupon filed, the action was, by order of that court, removed to the United States circuit court, for the Sixth circuit and district of Kentucky, at Louisville.

November 10, 1885, a judgment was rendered in the last-mentioned court that the injunction be dissolved upon the face of the petition and exhibits filed therewith. And February 24, 1887, a final judgment was rendered by that court, dismissing the action, and that James Alexander and Charles W. Truesdale recover their costs in that court and in the Muhlenburg Circuit Court. It was also adjudged that the motion of the plaintiffs to reinstate the injunction be overruled.

This action was instituted February 26, 1887, by appellants, James Alexander and Charles W. Truesdale, sueing for themselves, and all holders of original and compromise bonds of Muhlenburg county, issued on payment of subscription of said county to the Elizabethtown and Paducah Railroad Company against D. J. Gish, and numerous others named, some of them the plaintiffs in the action instituted in the Muhlenburg Circuit Court before mentioned, and others of them sureties in the injunction bond given as a

condition of the issual of the order of injunction referred to. In their petition and amended petition the plaintiffs, appellants, recite the institution of the action in the Muhlenburg Circuit Court, the order of injunction, execution of the bond and final judgment in the United States Circuit Court. They state the order of injunction was wrongfully obtained, and that, by reason thereof, they, and those for whom they sue, have been kept out of their interest on said bonds, the value of the bonds have been depreciated, and they have been put to expense for lawyers' fees, etc. They pray judgment against the defendants who signed said bond as sureties only, for the sum of three thousand dollars, and against those who were plaintiffs in said action in the sum of forty thousand dollars.

A demurrer for various causes set out was filed, and, upon the ground stated in the opinion of the judge of the lower court, it was sustained.

By the injunction bond the sureties thereto undertook in substance that the plaintiffs, whose names were set out in the caption, would pay the defendants, Tinsley, sheriff; Morton, county judge; Kittenger, and others, members of the funding board; Glenn, holder of the original bonds; Parks, holder of the compromise bonds, and all holders of original bonds, and all holders of compromise bonds, the damages not exceeding three thousand dollars, that they, or either of them, might sustain by reason of the order of injunction in the action, if the same be adjudged wrongfully obtained.

1. All the existing conditions are stated in the pe-

tition which section 25, Civil Code, requires, in order to authorize the two plaintiffs in this action to sue for the other bondholders having with them a common interest.

2. By the terms of the injunction bond, the undertaking is to pay, not merely the persons specially designated as defendants to the action in which it was executed, but to pay *all holders* of either kind of the bonds mentioned, the damages they, or either of them, might sustain. To exclude appellants from the right to sue on the bond, because they were not, as they ought properly to have been, parties defendants to the action when the order of injunction was made, or because they are not named therein, would not only be in disregard of an express stipulation in it, but enable a designing party, by making those having a nominal interest, defendants, to do irreparable injury to those really interested.

3. The condition upon which the obligors in the bond we are considering undertook to pay the damages sustained, is, that the order of injunction be adjudged wrongfully obtained. The order of the Muhlenburg Circuit Court, transferring the action in which that bond was executed to the United States Circuit Court, must be presumed to have been regularly made, and the jurisdiction of the latter court to try the action is not nor can be called in question in this action, and, consequently, the liability of the sureties is precisely the same as if the injunction had been dissolved by the first-named court.

4. It has been expressly decided by this court that it is only where proceedings on a judgment have been

enjoined, that the court, upon the dissolution of the injunction, is empowered to ascertain the damages and render judgment for them. In all other cases the remedy is on the bond. (Logsden v. Willis, 14 Bush, 183 ; Rankin v. Estes, 13 Bush, 428.) It was not, therefore, necessary. or proper for the United States Circuit Court to ascertain and assess damages in this case.

5. Section 278, Civil Code, provides that the court, judge, or officer granting an injunction, shall, in the order granting it, fix the amount of the bond to be given, and may prescribe its terms. If the terms be not prescribed, it shall be to the effect that the party giving it will pay to the party enjoined such damages as he may sustain, if it be finally decided that the injunction ought not to have been granted. The terms prescribed in the bond in question are substantially the same as are required in section 278.

A final decision that an injunction ought not to have been granted is, in the meaning of that section, equivalent to a final judgment dissolving the injunction, upon which immediately follows a right of action upon the injunction bond. And such has been the ruling of this court. (Wood v. Laycock, 3 Met., 193 ; Pugh v. White, 78 Ky., 210.) For, a final judgment dissolving an injunction is just as much a final determination that the condition exists upon which the person enjoined may sue on the bond, and his right to sue just as reasonably follows, as the right of the successful party to an execution upon a judgment for debt. To stay or prevent either, the unsuccessful party, if he appeals, must supersede, and until

he does so, there is not, nor ought there to be, any obstacle to an action on the bond or enforcement of the judgment.

We think appellants had the right to bring this action as soon as the judgment was rendered in the United States Circuit Court, and it was error to sustain the demurrer to the petition as amended, and the judgment of the lower court is reversed, and cause remanded for further proceedings consistent with this opinion.