SHEETS ET AT. v. HAYS, ADMINISTRATOR.

[No. 5,352.    Filed June 29, 1905.]

1. PARTIES.—*Injunction.*—*Board of Commissioners.*—*Contractor.* —In an action by taxpayers against the board of commissioners to restrain them from paying any further sums of money to a gravel road contractor, such contractor is a proper party defendant. p. 110.

2. INJUNCTION.—*Temporary Restraining Order.*—*Bonds.*—The bond, given in case of application for a temporary restraining order, should receive a liberal construction. p. 111.

3. INJUNCTION. — *Temporary Order.—Bonds.—Beneficiaries of.*
—A gravel road contractor is entitled to damages from the
bond given by taxpayers to secure a temporary restraining
order in an action against the board of commissioners for an
injunction, though such contractor was not made a defendant
by the parties but became one upon his own petition, the com-
plaint showing that the bond was filed for the benefit of such
contractor and that he had an interest in such suit adverse to
plaintiffs. p. 111.

From Vigo Circuit Court; *George M. Crane,* Special
Judge.

Action by William Hays as administrator of the estate
of Frederick L. Jessup, deceased, against Martin A. Sheets
and others. From a judgment for plaintiff, defendants
appeal. *Affirmed.*

*Homer A. Taylor* and *Samuel R. Hamill,* for appellants.
*William Tichenor,* for appellee.

WILEY, C. J.—The decedent, Fred L. Jessup, commenced
this action upon an injunction bond. During its pendency
he died, and, his death having been suggested to the court,
his administrator, William Hays, was substituted as plain-
tiff. The appellants demurred to the amended complaint,
and the demurrer was overruled. They then filed an an-
swer in general denial, but afterward withdrew the same
and elected to stand upon the ruling upon the demurrer.
Upon their refusal to plead further, judgment was ren-
dered against them for costs.

Overruling the demurrer to the amended complaint is
assigned as error. The amended complaint is of consider-
able length, but the material facts therein stated, upon
which its sufficiency must be determined, may be stated in
few words. It is averred that on the 27th of November,
1899, the appellant Sheets and one Underwood, on their
own behalf and on behalf of various other citizens and tax-
payers of Sugar creek township, Vigo county, Indiana,
filed their verified complaint in the Vigo Circuit Court

against the board of commissioners of said county, averring
that on the 14th day of April, 1898, said board entered into
a contract with Fred L. Jessup, by the terms of which he
was to build, construct, improve, gravel, etc., certain roads
in said township, which were specifically described.  It is
then alleged that in said complaint appellant Sheets and
others fully set up the terms of the contract with Jessup,
and alleged that said road 'had not been constructed,
etc., as required by the terms thereof, to the injury of the
plaintiff, etc.; that eighty per cent of the contract price
of the Darwin road had been paid to said Jessup; and that
he had notified the board of commissioners that said road
had been completed, and was ready to be received by them.
It was further alleged that an emergency existed for the
immediate issuance of a temporary order restraining the
board of commissioners from paying the balance of the con-
tract price for said improvement, and restraining and en-
joining the board from receiving said road as completed,
and from ordering any amount of money to be paid to said
Jessup on his contract, or doing anything toward carrying
out said contract, until the final hearing, and that there-
upon the board be perpetually enjoined, etc.  It is then
alleged that upon the filing of said complaint appellant
Sheets and others appeared in open court and procured a
restraining order to be issued, by which order the board
of commissioners were restrained from accepting or receiv-
ing as completed said road, and from paying any sum or
sums of money to said Jessup upon the contract, and from
taking any steps toward the completion of said contract,
and that said restraining order was duly served upon said
board, etc.; that upon the issuing of said restraining order
the appellants executed for the benefit of said board of
commissioners and said Jessup, who was a proper party
and should have been made a defendant therein, their cer-
tain bond, which said bond was duly approved by the judge
of the Vigo Circuit Court.  It is further alleged that said

board of commissioners had no interest whatever in said suit, except as the agents of the plaintiffs therein and other taxpayers of said township; that said board of commissioners manifested no interest in the success or failure of said injunction suit, but were wholly indifferent whether it should be enjoined from receiving said road and paying therefor. It is further alleged that the decedent did furnish material and perform the labor of constructing and improving said road, and that as such contractor he had an interest adverse to the plaintiffs in said action, and that a complete and final determination could not have been had without his presence in court as a party defendant; but that it was unnecessary for plaintiffs therein to amend their said complaint for the purpose of alleging facts therein concerning him, for the reason that such facts were already fully alleged in the original complaint. It is further alleged that the plaintiffs in said action refused and neglected to make decedent a party defendant thereto, and that it became necessary for him to petition the court to be made a party defendant that his interests in said action might be protected. It is further alleged that the plaintiffs in said suit for injunction made the board of commissioners of Vigo county sole defendants, and omitted to make the decedent a party defendant, for the reason that they would not be liable on their bond to said board of commissioners for attorneys' fees as damages in said injunction, should the same be wrongful, and would be so liable to decedent if he had been made a party defendant, and that for their own protection in that regard they failed, refused and neglected to make him a party therein; that on the 22d day of June, 1900, the decedent appeared in the Vigo Circuit Court, and asked leave to be made a party defendant in said action, which leave was granted, and he was thereupon made a party defendant therein. It is then alleged that on the 9th day of November, 1901, the decedent moved that the court dissolve the temporary injunction granted therein,

which said motion was sustained by the court, and it was ordered that said injunction be, and the same was, dissolved; that on the 13th day of February, 1901, the decedent moved that said suit for injunction be stricken from the docket, which motion was sustained and judgment entered against the plaintiffs therein for costs. The complaint then sets out in detail the expenses incurred by the decedent in said cause, and demands judgment for said sums, to wit, $250. A copy of the bond is made an exhibit to the complaint, and, after entitling the cause in which the bond was executed, is as follows: "We undertake that the plaintiffs in the above-entitled cause shall pay the defendant all damages and costs which may accrue to said defendant by reason of the restraining order or injunction in this action."

The single question presented by the overruling of the demurrer to the amended complaint is this: The bond having been executed to cover all damages and costs which 1. might accrue to the defendant in the injunction suit, and the defendant having originally been the board of commissioners, and during the pendency of the action Jessup having been made a party defendant therein, does such bond operate to cover all damages and costs sustained by him in the defense he interposed?

He having been the contractor to build and construct the road, and being entitled to recover all sums from the county due him under the contract, it seems to us that he was a party in interest, and that he was properly admitted as a defendant in the injunction suit. At most, the board of commissioners was only a nominal party, representing the taxpayers. It is true such board was chargeable with making the contract and paying out the money thereunder, and such board was a proper party to the suit. If the plaintiffs in the injunction suit had been successful, the result would have been that Jessup could not receive the balance of the money due him upon the contract. The court

having upon his petition admitted him as a party defendant in this proceeding, he should be treated as a party defendant, and, if so, the bond operated in his favor. Both under the statute and the decisions all persons who have an adverse interest to the plaintiff, or who are necessary parties to effect a complete settlement of the matters in issue, are proper parties defendant. §§269-273 Burns 1901, §§268-272 R. S. 1881; *Bittinger* v. *Bell* (1879), 65 Ind. 445; *Curtis* v. *Gooding* (1884), 99 Ind. 45; *Merritt* v. *Wells* (1862), 18 Ind. 171. In any event Jessup was admitted as a party defendant. His interests were adverse to the plaintiffs in the injunction proceeding, and, being a party defendant, he had a right to contest the questions which affected his interests.

Before any party is entitled to a temporary restraining order, the statute requires that he shall file a written undertaking, with approved surety, in favor of the adverse party affected thereby, for the payment of all damages and costs which may accrue by reason of the injunction or restraining order. §1167 Burns 1901, §1153 R. S. 1881. It is the law that injunction bonds should be liberally construed. *Conner* v. *Paxson* (1822), 1 Blackf. 207; *Boden* v. *Dill* (1877), 58 Ind. 273; *Alexander* v. *Gish* (1888), 88 Ky. 13, 9 S. W. 801; *Andrews* v. *Glenville Woolen Co.* (1872), 50 N. Y. 282; *Oelrichs* v. *Spain* (1872), 15 Wall. 211, 21 L. Ed. 43.

It has been held that a bond executed to one defendant will inure to the benefit of all the defendants. *Boden* v. *Dill, supra.* The case of *Alexander* v. *Gish, supra,* is in principle much like the one under consideration, except that the bond in that case was made payable, not only to the defendants, but also to the persons belonging to a class named; and the plaintiffs in the action on the bond were persons belonging to that class. They were not originally made parties to the injunction suit, but became

parties, and were admitted as such upon their own petition. The court of appeals of Kentucky, in deciding the case, said: "To exclude appellants from the right to sue on the bond, because they were not, as they ought properly to have been, parties defendant to the action when the order of injunction was made, or because they were not named therein, would not only be in disregard of an expressed stipulation in it, but enable a designing party, by making those having a nominal interest defendants, to do irreparable injury to those really interested."

In the case of *Oelrichs* v. *Spain, supra,* one Hill was the plaintiff, and the action was to recover damages upon two injunction bonds. Hill had not been named in either bond, nor joined as a party in the original injunction suit; nor had he become a party in any manner, except that he had an interest in the funds in controversy. The suit was to enjoin the disposition of that fund, and Hill was adversely affected by the restraining order therein issued; and it was held by the Supreme Court of the United States that, notwithstanding the fact that he was not a party, having an interest in the fund, he was entitled to recover. Substantially to the same effect is the cause of *Andrews* v. *Glenville Woolen Co., supra.*

Appellee alleges in his complaint that the bond in suit was filed for the benefit of Jessup, and that he had an interest adverse to the plaintiffs in the subject-matter of the controversy arising under the injunction suit.

Our conclusion is that under the facts pleaded the complaint was sufficient, and required an answer. There was no error in overruling the demurrer, and the judgment is affirmed.