## CODDINGTON *v.* NEES ET AL.

[No. 10,716. Filed January 13, 1920.]

1. MUNICIPAL CORPORATIONS.—*Street Improvements.—Assessment Lien.—Foreclosure.—Determination of Validity of Assessment.*— In a proceeding to foreclose a street assessment lien on realty, the validity of the assessment may be determined, where the action is properly instituted and the owner is made a party thereto. p. 148.

2. MUNICIPAL CORPORATIONS.—*Street Improvements.—Assessment Lien.—Foreclosure.—Action to Invalidate Before Payment of Assessment.*—Where the assessment against plaintiff's lot for a street improvement was made in the name of the former owners of the property and the notice of the assessment was sent to them, plaintiff is not precluded from suing to set aside judgment and decree for foreclosure of the assessment lien on account of defects in the proceedings because he failed to pay the amount due on the assessment. p. 148.

3. MUNICIPAL CORPORATIONS.—*Street Improvements.—Delinquent Assessment.—Foreclosure of Lien.—Liability for Attorney's Fees and Costs.*—Where plaintiff's property was assessed for a street improvement in the name of the former owners, and notice of the assessment was sent to them, plaintiff was not chargeable with attorney's fees and costs, though proceedings to foreclose the assessment lien on his property had been instituted. p. 148.

4. MUNICIPAL CORPORATIONS.—*Street Improvements.—Foreclosure of Assessment Lien.—Necessary Parties.—Owner of Land Assessed.*—In view of §8717 Burns 1914, Acts 1909 p. 412, providing that the holder of a street assessment lien may foreclose it as mortgages are foreclosed, and §1152 Burns 1914, Acts 1895 p. 243, providing that in any action to foreclose a mortgage or other lien on real estate wherein it is necessary to make a party defendant, it shall be sufficient to make such person a party defendant in the name in which his lien or claim appears upon the public records, and §269 Burns 1914, §268 R. S. 1881, providing that any person may be made a defendant who has any interest in the controversy adverse to the plaintiff, or who is a necessary party to the determination of the questions involved, the owner of property against which the foreclosure of a street assessment lien was sought was a necessary party to the proceeding, and any judgment and decree therein to which he was not a party is void as to him. p. 149.

From Clinton Circuit Court; *Joseph Combs,* Judge.

Action by Elmer Coddington against William J. Nees and another. From a judgment for defendants, the plaintiff appeals. *Reversed.*

*Asa H. Boulden* and *Leonard J. Curtis,* for appellant.

*O. E. Brumbaugh,* for appellees.

NICHOLS, C. J.—This action is by the appellant against the appellees to set aside a judgment and decree of the Clinton Circuit Court for foreclosing a street assessment lien on appellant's real estate, and to set aside and annul the sale had pursuant to such decree.

There was a special finding of facts, which, so far as necessary to this decision, are substantially as follows:    On February 7, 1914, the common council of the city of Frankfort passed an improvement resolution providing for, and ordering the improvement of, a public street in said city, the cost thereof, except intersections, to be paid by special assessment upon

the lots and lands lying within 150 feet of the improvement, the proceeding being under "An Act concerning Municipal Corporations," approved March 6, 1905. Notice of the passage of such resolution and order that such council would meet on March 7, 1913, at 7 o'clock p. m. in the council chamber of said city, and hear all persons interested whose property was liable to be assessed for said improvement located within 150 feet of said improvement, and to determine whether the benefits would equal the cost thereof, was duly published for two consecutive weeks in a newspaper of general circulation printed and published in said city. On March 21, 1913, such council determined that the benefits derived would equal the costs and expenses. Notice was duly published to contractors for bids to the effect that proposals for such improvement would be received at the council chamber up to 2 o'clock p. m. on Thursday, April 3, 1913. On April 4, 1913, the contract was awarded to appellees, and was executed by the mayor on behalf of the city. Appellees completed the improvement according to the contract and made report thereof to the common council June 19, 1913, and on June 20, 1913, such council accepted said improvement as completed according to contract. Thereafter the council caused a notice to be duly published of the completion of the improvement and of the making and filing of a *prima facie* assessment roll of the costs and expenses thereof, and notifying (or intending to notify) the owners of all property liable to be assessed and lying within 150 feet of the line of said improvement, that the council would meet at the council chamber June 15, 1913, to hear all persons concerned whose property was liable to be assessed for said improvement and

to make the final assessment roll covering the costs and expenses of such improvement. The final assessment roll was made and adopted pursuant to such notice and delivered to the city treasurer for collection. At the time of making the final assessment roll, appellant was the owner of a lot located within 150 feet of the line of said improvement, but not abutting thereon, there being one lot intervening between appellant's lot and the lot abutting upon such improvement. In making such final assessment roll against said lot owned by appellant, it was by mistake assessed in the name of Leon B. and Clarence Finch, instead of in the name of appellant, for the sum of $18.30. The city treasurer placed said final assessment roll, including assessment against appellant's property made as aforesaid, upon the proper duplicate and proceeded immediately to collect the same. In mailing the notice of such final assessment the one pertaining to appellant's lot was mailed to said Leon B. and Clarence Finch. The said assessment of $18.30 against appellant's lot remained unpaid and became delinquent and never was paid by appellant or anyone else. Appellees were compelled to, and did, employ an attorney to foreclose said street assessment lien against appellant's lot. Such attorney, more than fifteen days before instituting suit upon said street assessment lien for the collection thereof, mailed the notice required by statute to said Leon B. and Clarence Finch in whose name appellant's lot was assessed, notifying them of said assessment and February 16, 1914, appellees, by their attorney, filed complaint in the Clinton Circuit Court against said Leon B. and Clarence Finch, in whose names appellant's lot had been assessed for the col-

lection of said $18.30 and to foreclose the lien therefor. Summons was issued in said cause and served upon said Finch and Finch, each of whom was defaulted in said cause, and thereafter such proceedings were had in said cause as that appellees recovered judgment and decree against appellant's lot for the sum of $37.45 in principal, interest and attorney's fees, and $7.50 costs taxed, for the foreclosure of the street assessment and lien, and an order of sale of the property. A certified copy of the decree was issued to the sheriff of Clinton county directing him to sell said real estate and satisfy said judgment and costs. Said sheriff advertised said lot for sale and on May 2, 1914, sold the same at public outcry at the court house door of said county to the appellees. This action was begun by appellant against appellees on October 7, 1915, at which time appellant deposited with the clerk of the court $20.50 as tender in payment of the principal of $18.30 and the interest thereon and no more. On November 1, 1915, appellant withdrew said tender and took up the same. January 13, 1916, appellant filed an amended complaint, and did not then or thereafter deposit with the clerk any sum whatever as a tender in payment of the amount of assessment. Appellant has not tendered to appellees the amount of principal, interest and attorney's fees and costs due appellees on said judgment and decree of foreclosure. At the time of such judgment, there was due appellees, including costs, the total sum of $44.75, and at the time of the sale, including costs of sale, $57.47, for which amount the said lot was sold on said judgment. No part of such judgment was excessive and no part thereof has ever been paid. Appellant called at the office of the city

treasurer of said city soon after the filing of said final assessment roll in said office, and made inquiry concerning the assessment against his lot, both in his own name and in the name of said Leon B. and Clarence Finch and was then and there. personally informed and notified of said assessment of $18.30 made against his lot; and soon after the commencement of foreclosure proceedings he again called at such city treasurer's office and offered to pay the amount of $18.30 in payment of the assessment, but he was then and there notified that suit had been commenced on said assessment, and that he would have to call on the attorney to whom the same had been delivered for collection. Said lot was on February 17, 1912, conveyed by said Leon B. Finch and his wife, Clarence, by warranty deed to appellant, and. on said day appellant presented his deed to the auditor, and said lot was duly entered and transferred on the treasurer's transfer record in the auditor's office into the name of appellant, and it has ever since remained in the name of appellant on said record. The deed was at said time duly recorded in recorder's office of Clinton county. Appellant was not made a party to the foreclosure proceedings and no summons was issued or served upon him notifying him of the foreclosure suit, and he did not receive any notice sent to him by mail that said assessment was placed in the hands of an attorney for collection. The sheriff of Clinton county advertised the real estate for sale in the name of Leon B. and Clarence Finch, and in that of no other person, and sold the same in the name of said Finch and Finch and not in the name of any other person. The value of said lot as aforesaid is between $2,000 and $2,500. Appel-

lant has been a *bona fide* resident of the city of Frankfort and that has been his post office for twenty years last past. Appellant was never named as a party in any of the notices, nor in the proceedings to create said improvement lien, nor in any action to foreclose the same, nor in any judgment or decree of sale of said lot growing out of such action. Appellees, at the time of filing the foreclosure suit did not know that appellant was the owner of said lot, nor did they know such facts when they placed said lien in the hands of their attorney for collection, nor did the common council of the city, when they made the assessment of said lot in the name of Leon B. and Clarence Finch, know that said lot was owned by appellant, but during all of said time, said lot appeared of record in the name of appellant, both in the auditor's office and the recorder's office. The assessment against said lot in the name of Finch was made by mistake, and the same was foreclosed by appellees and their attorney against Finch and Finch instead of in the name of said appellant.

On these facts the court stated the following conclusions of law: (1) That the plaintiff is not entitled to have the judgment of foreclosure of the lien vacated and set aside. (2) That the plaintiff is not entitled to have the decree and order of the sale under the said judgment of foreclosure vacated and set aside. (3) That the plaintiff is not entitled to any of the relief prayed for in the complaint. (4) That the defendants are entitled to recover of and from the plaintiff their costs in this case.

The question here is as to the validity of the judgment, and sale growing out of the foreclosure pro-

1. ceeding, and which appellant's action seeks to set aside. In that proceeding, had it been properly instituted and had appellant been made a party thereto, the validity of the assessment might have been determined.

By the provisions of §8717 Burns 1914, Acts 1909 p. 412, upon receipt of the assessment roll, it is the duty of the treasurer to notify each person affected by the same of the amount of his assessment, and that the same must be paid within thirty days from the approval of the assessment roll, the notice to be placed in the post office directed to the person affected. Any assessment not paid at the end of the thirty days is delinquent, and it is made the duty of the treasurer to sell the delinquent property, after due notice as provided, and, failing to receive a sufficient bid therefor, the holder of the lien may then foreclose his lien, not however, as provided in §8721 Burns 1914, Acts 1909 p. 412, until he has given fifteen days' notice to the delinquent. None of these preliminary steps necessary to the commencement of a foreclosure suit were taken, and no notice of any kind was served upon appellant.

Appellees say that appellant must come into court with clean hands, which he does not do so long as he 2. fails to pay the amount due upon the street assessment. This litigation, however, grows out of mistakes which appellees admit were made by them and the city officers. Appellant 3. twice offered to pay the amount of said assessment—once to the officer and once by tender into court, at which last time his tender included interest. 2. He was not chargeable with attorney's fees and costs, his failure to pay

which we presume to be the reason for the rejection of his offer. We have found nothing in the record that evinces an unwillingness on the part of the appellees to accept from the sheriff a deed for appellant's property, worth from $2,000 to $2,500, for a consideration of $57.47. A fitting correlative to the clean-hands maxim, is the admonition spoken centuries ago to cast the beam out of our own eyes that we may see the more clearly to cast the mote out of our brother's eye.

Appellant was not made a party to the foreclosure proceeding. Section 8717, *supra,* provides that "the holder of said lien may foreclose" it, "as mortgages are foreclosed." If appellees' action had been to foreclose a mortgage on the real estate involved, it will not be claimed that appellant would not have been a necessary party thereto, as the present owner of the land.

Section 1152 Burns 1914, Acts 1895 p. 243, provides that in any suit instituted in the courts of the state to foreclose any mortgage or other lien on real estate situate in the state or to subject to sale any such real estate, and if in such suit it shall be necessary to make a party any person as defendant in such suit, it shall be sufficient to make such person a party defendant in the name in which his lien or claim appears upon the public records of the county in which the proceeding is commenced. Section 269 Burns 1914, §268 R. S. 1881, provides that any person may be made a defendant who has or claims any interest in the controversy adverse to the plaintiff, or who is a necessary party to the complete determination or settlement of the questions involved. This section was formerly 2 R. S. 1876, p. 39, and is quoted in

*Bittinger* v. *Bell* (1879), 65 Ind. 445, 452. It was held in that case that: "This section is in effect a re-enactment of the rule in equity, in relation to parties defendants. The parties who *ought* to be and *must* be made defendants, under this section of the code, as we construe it, are the parties in interest adverse to to the plaintiff, an interest involved in the issues, and who, of necessity, will be and must be affected by the judgment in the cause. So, also, any person, 'who is a necessary party to a complete determination or settlement of the questions involved,' must, by the letter of the statute, be made a defendant to the action. These are the rules which govern pleadings in chancery, in relation to necessary parties, and these rules were substantially re-enacted, in our code of practice, as applicable alike to all suits at law as well as in equity."

In the case of *Haggerty* v. *Wagner* (1897), 148 Ind. 625, 665, 48 N. E. 366, 39 L. R. A. 384, a partition proceeding, the case of *Bittinger* v. *Bell, supra,* was cited with approval; also in the case of *Sheets* v. *Hays* (1905), 36 Ind. App. 106, 111, 75 N. E. 20, which was an action upon an injunction bond.

The case of *Petry* v. *Ambrosher* (1885), 100 Ind. 510, was a suit to enjoin the sale of real estate on a judgment rendered against certain other parties foreclosing a lien against the lands stating that the appellant had no notice of the lien. It was held in that case, that: "An owner of property has a right to enjoin its sale upon a judgment rendered against another person. It is clear that one man's land cannot be seized to pay a judgment against a person who stands to him as a stranger. *Bishop* v. *Moorman,* 98 Ind. 1. * * * A person who is not made a

party to an action is not bound by the judgment or decree, unless, he becomes a privy in contract or estate to the judgment debtor. It has often been held that the owner of land is not bound by a decree rendered in a suit to which he was not a party. This principle applies even, in cases where mortgaged land has been sold, and the mortgagor, but not his grantee, is made a party to the suit. Where a lien is sought to be enforced against the land, the owner of the land, or equity of redemption, must be made a party,  *  *  *" In that case the appellant became the owner of the lands before the commencement of the suit, and it was held that he is not, therefore, concluded by the decree rendered. To the same effect see *Pauley* v. *Cauthorn* (1885), 101 Ind. 91; *Daugherty* v. *Deardorf* (1886), 107 Ind. 527, 528, 8 N. E. 296; *Watts* v. *Julian* (1890), 122 Ind. 124, 131, 23 N. E. 698; *West* v. *Miller* (1890), 125 Ind. 70, 72, 25 N. E. 143; *Abbott* v. *Union, etc., Ins. Co.* (1890), 127 Ind. 70, 75, 26 N. E. 153; *Armstrong* v. *Hufty* (1901), 156 Ind. 606, 628, 55 N. E. 443, 60 N. E. 1080; *Aetna Life Ins. Co.* v. *Stryker* (1906), 38 Ind. App. 312, 329, 73 N. E. 953, 76 N. E. 822, 78 N. E. 245.

Whether, therefore, the appellant had any sufficient defense to offer in the foreclosure proceeding, whether the assessment that was the basis of that action was valid or invalid, is not the controlling question in this case. By the foregoing authorities it clearly appears that, in order that the judgment in such foreclosure proceeding might bar the appellant's interest in the real estate involved, he must have been made a party to the action; and, appellees having failed to make him such party, the judgment and decree as to him is void. It is not necessary

for this court to determine as to the validity of the street assessment for the purpose of reaching the conclusion which we have announced.

The judgment is reversed, with instructions to the trial court to restate its conclusions of law in harmony with this opinion, and to render judgment accordingly.