## Vicars, et al. v. Frazier.

(Decided June 3, 1927.)

### Appeal from Letcher Circuit Court.

1. Injunction.—Judgment confirming sheriff's sale of mortgaged property, and holding mortgage lien superior to attachment, held to prevent attachment creditor's recovery on bond for restraining order for conversion of attached property, where restraining order enjoined only sale of property subject to mortgage.

2. Injunction.—If, on mortgagee's obtaining restraining order against sale of mortgaged property under attachment, attachment creditor abandoned sale of other property, surety on bond for restraining order was not liable for mortgagee's alleged subsequent conversion of such abandoned property, as loss was attributable to attachment creditor's negligence.

3. Injunction.—Where judgment in attachment action sustained restraining order against sale of mortgaged property, obligees in bond for restraining order, providing that obligors would pay obligees named therein certain damage which they might sustain "by reason of the injunction in this action, if it was finally decided that injunction ought not to have been granted," held not entitled to recover thereon.

4. Injunction.—Qualified suspension of restraining order to prevent sale of mortgaged property in attachment proceeding did not permit recovery on bond providing obligors would pay obligees named sum for damage that might be sustained "by reason of injunction, if it was finally decided that injunction ought not to have been granted," where suspension purported to release property to which restraining order did not extend.

FRENCH HAWK and C. R. McCORKLE for appellants.

EMERY L. FRAZIER and JOE HALL for appellee.

OPINION OF THE COURT BY JUDGE THOMAS—Reversing.

M. C. Lipps, and F. L. Stevens were engaged in the sawmilling business in Letcher county under the partnership name of Kentucky River Lumber Company. They became indebted to the appellee and plaintiff below, S. T. Frazier, for goods, wares, and merchandise sold to the firm by him in the sum of $1,045.58 and he filed an action in the Letcher circuit court against the members of the company to recover thereon, and in which he procured an attachment which was levied on certain property belonging to defendants including mills, lumber, and two small tracts of standing timber, and we will hereafter refer to

that action as "action No. 1." In it plaintiff procured an order of sale of the attached property and just before the sheriff executed it the appellant and one of the defendants below, M. W. Vicars, as trustee for the Citizens' Bank of Wise, Virginia, filed his equity action in the same court to enjoin the sale of certain described property belonging to the lumber company and included in the sheriff's order of sale under the attachment procured in action No. 1, upon the ground that the bank for which plaintiff was trustee had a mortgage on the property the sale of which he sought to enjoin, and he obtained a temporary restraining order enjoining the sheriff and Frazier from selling any of the mortgaged property upon the ground that the trustee had a superior lien upon it. The proper bond was executed with the appellant and defendant below, Fidelity & Deposit Company of Maryland, as surety for the plaintiff in that action, and which we will hereafter refer to as "action No. 2." After procuring the restraining order in action No. 2, plaintiff therein instituted another independent action in equity in the same court to foreclose his mortgage on certain described property of the lumber company which was given to secure a debt to the bank amounting in the aggregate to $6,666.33, and plaintiff therein procured an order of attachment which was levied on the mortgaged property, and it was afterwards sold by the sheriff under an order therefor duly obtained, and we will hereafter refer to that action as "action No. 3."

After the sheriff had made and reported his sale of the mortgaged property under the order entered in action No. 3 Frazier intervened therein, and in his intervening pleading he set up his attachment in action No. 1, and the restraining of the order of sale he had obtained therein, and then followed these averments:

"Now, therefore, the above statement of facts considered, defendant states that certain property of the Kentucky River Lumber Company has been sold in which he has a prior lien to that of the plaintiff herein; that the lumber or a part mentioned in the plaintiff's petition has been moved and shipped from Cowans Creek, and the lumber now attached by defendant is unincumbered by mortgage lien or other legal equity; that by said sheriff's sale he has been denied the privilege or remuneration in whole or in part in the liquidation of his claim, or the satisfac-

tion of his lien; that the public knowing the property to be in litigation prevented it from bringing its true value at the before mentioned sale; that, unless the honorable court intervenes in defendant's behalf, under section 29 Kentucky Codes, he has forever lost his equity right in the hereinbefore mentioned property.''

He then prayed:

''That the sale of Kentucky River Lumber Company property be set aside and held for naught, that the court take cognizance of his claim, and that his rights and privileges be preserved.

Not content with that pleading, he filed exceptions to the report of sale, the first one of which was that—

''A part of the lumber and other property sold by the sheriff of Letcher county by an agreed order of sale, between the plaintiff and defendant herein, was not covered by the mortgage sued upon.''

The three actions were then consolidated, and the parties took proof, followed by a submission of the cause, and on May 9, 1923, judgment was rendered upon all the issues raised by the pleadings in all of the actions as well as by the exceptions to the sheriff's sale. The court therein gave judgment against the lumber company in favor of plaintiffs in actions Nos. 1 and 3 for the amount of their respective debts and sustained the attachments in each of those actions. It was then adjudged that, as between the plaintiffs in actions Nos. 1 and 3, Vicars, trustee for the bank, had a superior lien over Frazier to all of the property described in the mortgage and which description was repeated in the judgment. It was further adjudged that Frazier had a prior lien over Vicars on all of the property he (Frazier) had attached of the lumber company that was not covered by the mortgage, and which the judgment also described, and the sale made by the sheriff was ''in all things confirmed, in so far as it affects the property above described,'' which was that described in the mortgage, and which was the only property that the sheriff advertised and sold except a few items herinafter referred to. The judgment also confirmed another sheriff's sale of other property not included by the mortgage, and which was covered by Frazier's attachment, and for which he had procured an

order of sale in the consolidated actions, prior to the judgment now under consideration. That judgment closed with this sentence: "This cause is now continued for the sole purpose of ascertaining the payment of costs herein."

A short while after the rendition of the latter judgment, Frazier instituted this independent action against Vicars, trustee, and his surety in the restraining order that he obtained in action No. 2, to recover damages thereon, and for cause of action he alleged in his petition that the sheriff had sold under the order of sale obtained in action No. 3, other property than that included in the mortgage and upon which he had a superior lien by virtue of his attachment. He further alleged that Vicars, after he obtained his order of sale in action No. 3, for the mortgaged property, privately sold and converted other property not covered by the mortgage, but levied on under plaintiff's attachment, and that such wrongful appropriations of property of the milling company outside of the mortgage, and upon which plaintiff had a lien by virtue of his attachment, were brought about by the issuing of the restraining order, or at least it operated to create an opportunity for the wrongful appropriations complained of, and that the property so converted and wrongfully appropriated amounted to more than plaintiff's debt, and he sought judgment for the amount thereof against defendants therein, who, as we have said, were the plaintiffs in action No. 3 and his surety in the bond executed for the restraining order that issued therein.

A demurrer to the petition was overruled, and the answer denied the material averments, and relied (1) on the judgment of May 9, 1923, entered in the consolidated actions as a bar thereto; and (2) that the restraining order had never been dissolved, but that on the contrary it was, in effect, sustained by the last judgment referred to, and therefore the action was not maintainable. The answer was filed January 7, 1924, and on May 27 thereafter the court consolidated it (and to which we shall hereafter refer as action No. 4) with the other three preceding ones. On the same day Frazier entered motion "to suspend the restraining order issued at the instance of defendant Vicars in one of the consolidated causes," which was action No. 3, and the court sustained that motion and suspended the restraining order "so far as it

affects the property on which a prior lien was adjudged to this plaintiff (Frazier) as to the defendant (Vicars, trustee) by reason of the plaintiff's attachment thereon; otherwise the restraining order herein is made permanent." The reply filed by Frazier in action No. 4 reiterated his claims as set up in his intervening petition in action No. 3, and also as contained in his exceptions filed to the sheriff's sale of the mortgaged property obtained in the same action, and the final summary in that reply was:

"Plaintiff states that he seeks to recover (in action No. 4) the proceeds realized by the defendant M. W. Vicars from private sale of property adjudged to this plaintiff and not covered by defendants' mortgage, which was denied this plaintiff by reason of the restraining order and injunction herein complained of."

Appropriate pleadings and orders made the issues in action No. 4, and the parties proceeded to take proof by depositions which were filed, and the court then referred the cause to two commissioners, and they later reported that, after defendant Vicars had been adjudged a lien on the property covered by his mortgage, he sold other property belonging to the lumber company upon which plaintiff, Frazier, had an attachment lien to the amount of the latter's debt, and a judgment against him and his surety was recommended in the report. Exceptions were filed thereto by defendants in action No. 4, in which, among other things, they relied upon some of the matters contained in their answer filed in that action, and the court overruled the exceptions and confirmed the report by rendering judgment for the full amount of plaintiff's debt and an attorney's fee of $150.00, and, to reverse that judgment, this appeal is prosecuted.

A statement of the case as above substantially outlined is sufficient to sustain defenses 1 and 2 relied on in the answer. The intervening pleading, filed by appellee in action No. 3, as well as his exceptions to the sheriff's sale made therein, raised the identical issues upon which he seeks a recovery in this action No. 4—i. e., that Vicars, by reason of the restraining order obtained in his action No. 2 prevented Frazier from carrying out his order of sale obtained in action No. 1, and, while that sale was sus-

pended, Vicars privately sold and converted to the benefit of his cestui que trust property not covered by his mortgage—but which issues, we repeat, were squarely presented to the court when it rendered the judgment of May 9, 1923, and which, as we have seen, disposed of all questions between the parties, except the one relating to costs, and the cause was continued for the express purpose of the future settlement of that question alone.

Moreover, it is extremely doubtful if the surety in the bond executed for the restraining order would be liable thereunder for the character of wrongs here complained of—i. e., a subsequent conversion of some of the attached property, the sale of which was restrained—since such conversion was not the proximate result of the granting of the restraining order, but which, however, would not preclude Frazier's right to take appropriate action against the converter of that property for its value. But, be that as it may, we are convinced that the judgment rendered on May 9, 1923, wherein the sheriff's sale was confirmed and Vicars adjudged a superior lien on the property sold by the sheriff as reported by him, and which was the only sale that was prevented by the restraining order, was an adjudication that Vicars had a superior mortgage lien on the property included in the restraining order, the sale of which only was enjoined by it. It was further adjudged that the sheriff sold nothing but that mortgaged property. It follows, therefore, that the sale of no property was enjoined except that upon which Vicars had a superior lien. If, therefore, Frazier abandoned the sale of other property upon which he had an attachment lien, and by reason thereof Vicars afterwards converted it, the surety in the bond for the restraining order would not be liable therefor, because the loss would in that case be attributable, not to the restraining order, but to Frazier's negligence in not prosecuting his order of sale for all the property he attached, and not covered by the mortgage.

We are likewise convinced that defense (2) was available in this case, not only as a temporary abatement of the action, but in bar thereof, since the express terms of the bond (it being statutory) were that the obligors would pay defendants therein the damage (not to exceed $2,090.00) which they might sustain "by reason of the injunction in this action, *if it is finally* decided that said injunction ought *not to have been granted.*" (Our italics.)

We have seen that to this day there has never been an express or implied adjudication that the injunction "ought not to have been granted." It is true that some three months after filing this action (No. 4), at the instance of Frazier, the court attempted to modify the restraining order by entering a qualified "suspension" of it; but such alleged suspension was only "so far as it affects the property on which a prior lien was adjudged to this plaintiff (Frazier) . . . by reason of his attachment thereon." That alleged suspension order had nothing to which it could apply, since the restraining order neither stopped nor attempted to stop the sale of any property upon which Frazier had an attachment except that covered by the mortgage, and, if Frazier abandoned his order of sale of any other property attached by him, he did so on his own volition, and not because he was prevented by the restraining order. The obligors in the injunction bond were liable only for the damage accruing on account of the suspension of sale of property covered by and included in the restraining order, and which, we repeat, was only that covered by the mortgage, and upon which it was adjudged that Vicars, the principal in the injunction bond, had a superior lien. The alleged suspension order then had nothing to operate on, and therefore suspended no part of the restraining order, and, that being true, the action was not maintainable. See 32 C. J. pp. 447, 448, 449, and 14 R. C. L. p. 474, par. 175. In the text of the latter publication, the general rule is thus stated:

> "The givers of the bond only agree that it (they) shall become liable for damages in the event the person suing out the injunction shall wrongfully do so. Until there has been a final determination of the suit in which the bond is given, it cannot be definitely ascertained as to whether or not there is or will be, any liability on the bond."

See, also, Vicksburg Water Works Co. v. Vicksburg, 99 Miss. 132, 54 So. 853, 33 L. R. A. (N. S.) 844, Ann. Cas. 1913D, 917; Harrison v. Park, 1 J. J. Marsh, 170, and Alexander v. Gish, 88 Ky. 13, 9 S. W. 801, 10 Ky Law Rep. 989.

The restraining order in this case not having been expressly or by implication dissolved, but in effect perpetuated by the judgment of May 9, 1923, no cause of

action ever arose on the bond in favor of Frazier, and for that reason also the court erred in rendering the judgment appealed from.

Complaint is made that the sheriff, under the order of sale obtained in action No. 3, sold, and the plaintiff therein obtained the proceeds of, some secondhand harness and bridles not expressly covered by the mortgage of plaintiff in that action, and it is argued that to that extent the bondsmen in the injunction bond are liable. Without passing upon the legal correctness of that contention, it is sufficient to say that such property was of very insignificant value, and we would be disinclined to reverse the judgment on that account alone, even if plaintiff was not estopped by the judgment of May 9, 1923, to litigate that question in this action.

Wherefore the judgment is reversed, with directions to dismiss the petition.